**DEAUVILLE ASSOCIATES, Inc. v. ERISTAVI-TCHITCHERINE et al.**

No. 12436.

United States Court of Appeals
Fifth Circuit.

April 4, 1949.

Petitions for Rehearing and Motion to Strike Portion of Petition for Rehearing Denied May 2, 1949.

746

See also Eristavi-Tchitcherine v. Lasser, 5 Cir., 164 F.2d 144.

James Lathero, of Miami, Fla., David Sholtz, of New York City, and Samuel H. Rubin, of Detroit, Mich., for appellant.

John M. Murrell, of Miami, Fla., Frederick J. Ward, Jr., of Miami Beach, Fla., and Roger Edward Davis and J. M. Flowers, both of Miami, Fla., for appellees.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

■ The fact that appellant, who sought to intervene in the Court below, had acquired its alleged interest in the subject matter of this litigation from parties who violated an injunction of the Court in transferring such interest to the petitioner, should not necessarily defeat or destroy whatever right, title, and interest in such property that the petitioner acquired from such contemnor. The Court in such circumstances has the unquestioned right and power to require such a contemnor to purge himself of contempt as a matter of punishment, but in so doing it should not deprive such purchaser of property from such contemnor of whatever right, title, or interest such purchaser may have acquired in such sale.

■ In Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215, it was held that a court did not have the right to strike from the files the answer of a defendant summoned in contempt and to condemn him without a hearing on the theory that he had been guilty of a contempt. A litigant may be punished for contempt by fine or imprisonment, or both, Sec. 387, Title 28, U.S.C.A. [now 18 U.S.C.A. § 402], but the court should not prescribe, as a means by which he should purge himself of such contempt, that its doors be closed to him in the defense of either his liberty or his property.

The transaction between Lasser and Winkel on one hand and representatives of the petitioner on the other is doubtless binding on Lasser and Winkel and petitioner, inter sese, and, if so, petitioner doubtless has the right to have such fruits of the suit awarded to it under the contract as might otherwise have been awarded to Lasser and Winkel.

Rule 24(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that:

"Upon timely application anyone shall be permitted to intervene in an action: * * *

"(2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action".

■ The petitioner clearly comes within the purview of that rule. It alleges that it has succeeded to the interest of Lasser and Winkel in the law suit and that it has no representation of its interests in the case. It seems to us that it is entitled under those allegations to its day in court.

The order of the lower Court denying the petitioner the right to intervene is reversed and said cause is remanded with directions to the lower Court to permit the petitioner to intervene in said cause as of this date.

Reversed and remanded.