**DEAUVILLE ASSOCIATES, Inc. v. MURRELL et al.**

**No. 12993.**

United States Court of Appeals Fifth Circuit.

Feb. 27, 1950.

Rehearing Denied April 5, 1950.

---

3. United States v. Lawson, 9 Cir., 50 F. 646; United States v. McPhee, 9 Cir., 31 F.2d 243.

Bolling R. Powell, Jr., Washington, D. C., Paul V. McNutt, Washington, D. C., Samuel H. Rubin, Detroit, Mich., for appellant.

D. H. Redfearn, Miami, Fla., R. H. Ferrell, Miami, Fla., Charles Danton, Miami Beach, Fla., John M. Murrell, Miami, Fla., for appellees.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

McCORD, Circuit Judge.

We consider it unnecessary on this appeal to review the history of this litigation and all prior proceedings related thereto, since it appears that the issues here in controversy have already been decided by this court in the case of Deauville Associates, Inc. v. Eristavi-Tchitcherine, et al., 5 Cir., 173 F.2d 745, 746, wherein it was held:

"The transaction between Lasser and Winkel on one hand and representatives of the petitioner on the other is doubtless binding on Lasser and Winkel and petitioner, inter sese, and, if so, petitioner doubtless has the right to have such fruits of the suit awarded to it under .the contract as might otherwise have been awarded to Lasser and Winkel. * * *

"The order of the lower Court denying the petitioner the right to intervene is reversed and said cause is remanded with directions to the lower Court to permit the .petitioner to intervene in said cause *as of this date.*[1] * * *"

Without having sought a review of this prior adjudication by application for certiorari to the Supreme Court within the time allowed, and after the expiration of several months, during which time this former decision has become final and binding, appellant now seeks to be relieved of the duty of compliance with the final wording of our former decree limiting its rights to intervene on the ground that this court had no power or authority to enter any such order. Appellant claims that under Rule 24(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., it had an absolute right to intervene generally from the date of filing its petitions for intervention, and for the purpose of attacking

1. April 4th, 1949.

all of the numerous decrees and orders heretofore entered affecting the property in suit. This contention is without merit, for it ignores the undisputed fact of record that appellant was not a party to the original suit, but acquired whatever rights it may have in the property, if any, only by virtue of the assignment from Lasser and Winkel, and must therefore stand in their shoes with respect to all phases of the litigation. The fact that subsequent litigation may have impaired or adversely affected the rights of appellant under the assignment would not justify our disturbing all prior orders and decrees entered in this controversy and unfavorable to appellant which were binding upon Lasser and Winkel, as assignors of appellant, when made. As stated in our prior decision, appellant has no absolute right of intervention under the assignment and Rule 24(a), but only "the right to have such fruits of the suit awarded to it under the contract as might otherwise have been awarded to Lasser and Winkel." Deauville Associates, Inc. v. Eristavi-Tchitcherine, 5 Cir., 173 F.2d 745, 746. In fact, it appears from the record that appellant was not even formed as a corporation until approximately two years after this litigation was first begun, and yet it again urges that it should now be allowed to relitigate practically all proceedings affecting the property in dispute which have been had in the district court and reviewed by this court during the past five years. This it may not do. Deauville Associates, Inc. v. Eristavi-Tchitcherine, 5 Cir., 173 F.2d 745, 746; Eristavi-Tchitcherine et al. v. Lasser, 5 Cir., 164 F.2d 144.

We are further constrained to believe that the issue as to federal jurisdiction has been conclusively settled in favor of sustaining such jurisdiction by these prior decisions. Eristavi-Tchitcherine et al. v. Lasser et al., 5 Cir., 164 F.2d 144; Deauville Associates, Inc. v. Eristavi-Tchitcherine, 5 Cir., 173 F.2d 745, 746; see also, American Surety Company v. Baldwin, 287 U. S. 156, 53 S.Ct. 98, 77 L.Ed. 231, 86 A.L.R. 298; Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 1097, 92 L.Ed. 1429, 1 A.L.R.2d 1355; Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832. In this connection, it appears from the record that Lasser and Winkel originally filed the petition for removal of this suit to the federal district court, that a petition to remand was thereafter overruled, and no appeal was taken by any of the parties from that order. Moreover, after apparently recognizing and submitting to federal jurisdiction in this case by taking an assignment of a final decree entered in favor of its assignors, Lasser and Winkel, by the district court on April 24, 1947,[2] appellant thereafter sought a writ of prohibition in this court to prohibit the district court from further considering the case, on the sole ground that jurisdiction did not then exist. That writ was denied by this court on June 21, 1949.

In any event, regardless of whether the issue of jurisdiction is *res judicata* under these prior adjudications, we believe the record discloses diversity and a separable controversy between the parties sufficient to sustain federal jurisdiction here. Knight v. Atlantic Coast Line R. R. Co., 5 Cir., 73 F.2d 76, 99 A.L.R. 405; Evers v. Watson, 156 U.S. 527, 15 S.Ct. 430, 39 L.Ed. 520; Peters v. Plains Petroleum Co., 10 Cir., 43 F.2d 49; Pacific R. R. Co. v. Ketchum, 101 U.S. 289, 25 L.Ed. 932; Thiel v. Southern Pacific Co., 9 Cir., 126 F.2d 710.

The motion to dismiss is overruled, and the judgment is accordingly affirmed.

2. That decree was later reversed by this court, and a subsequent hearing resulted in a decree adverse to Lasser and Winkel. An appeal from the adverse decree was later dismissed by this court.