## DEAUVILLE ASSOCIATES, Inc., v. MURRELL et al.

### No. 13660.

United States Court of Appeals
Fifth Circuit.

May 20, 1952.

See also 197 F.2d 87.

Samuel J. Kanner, Stuart W. Patton, Miami, Fla., for appellant.

D. H. Redfearn, R. H. Ferrell, John M. Murrell, Miami, Fla., Colby Stilson, Edward J. Ross, New York City, Richard M. White, Frederick J. Ward, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

This is another effort by appellant, petitioner below, a *lis pendens* purchaser, whose intervention was specifically allowed by this court, as of a named date,[1] April 4, 1949, to litigate anew matters which had been finally determined against its vendor before that date in cause No. 1148 M Civil in the United States District Court for the Southern District of Florida.

The choice of means this time to attain the desired end is a petition filed January 17, 1951, seeking among other things the relief, under Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. on the grounds of fraud, of a partial vacation of the final decree of December 10, 1948, "being only that part which required a sale of the assets of Deauville Corporation."

In addition to this relief, the petition seeks, but not under Rule 60(b) or for claimed fraud, to vacate and set aside an order of June 15, 1950, in the same cause, ordering a private sale of described property, and one of June 30, 1950, from which no appeal was taken, confirming the sale to Loew, one of the appellees.

Lengthy, discursive, and prolix, a kind of shot gun motion, the petition purports to review, not only all the prior proceedings, which have taken place in and in respect to the cause while for many years it has dragged its slow length along, but also the dealings and arrangements between the parties to this litigation, and the controversies that have arisen thereout. Included in this detail is the statement that, while

---

1. Deauville Associates, Inc., v. Eristavi-Tchitcherine, 5 Cir., 173 F.2d 745. See also Deauville Associates v. Murrell, 5 Cir., 180 F.2d 275, a direct attack on that order, and Deauville Associates v. Lojoy Corp., 5 Cir., 181 F.2d 5, an indirect, a collateral attack on it.

an appeal was taken from the December 10th judgment, this appeal was dismissed on August 27, 1949, for want of prosecution.

Admitting that an intervenor must take the cause as he finds it upon intervention, the movant seeks avoidance of that result as to the decree of 1948, by allegations that fraud was perpetrated on it and upon the court by Lasser and Winkel and Danton, from whom petitioner acquired its interest, in that they withheld from the court and from its receivers knowledge of the fact that movant was the real party in interest and thus permitted the litigation to be conducted in a manner to violate its interests.

Proceeding, then, to the real purpose of the motion, to induce the court to set aside the sale already made to Loew and in turn to sell the property to it, movant makes an offer of $750,000 for the property, and closes its petition with a lengthy prayer.[2]

On January 20, 1951, appellant filed a brief supplemental petition in which it reaverred the allegations of the original petion, offered to reimburse Loew for expenses incurred, claimed that disbursements had been made by petitioner and its predecessors, Loew and Winkel, for which petitioner was entitled to reimbursement, and repeated its offer to purchase the property for $750,000.

On January 20, 1951, the receiver moved to dismiss "the petition for partial vacation of final decree pursuant to Rule 60(b), for vacation of order confirming sale, and for other affirmative relief." Deauville Realty Co., purchaser of the property, as assignee of Loew, against whom the relief was sought, intervened and moved also to dismiss it.

After a lengthy hearing on the petition, including its reading in full in open court and full argument thereon, the district judge entered an order[3] sustaining the receiver's motion to dismiss. Whereupon, petitioner, filing its petition for reimbursement of advances and for subrogation, as permitted in the order, which dismissed its motion to vacate and for other relief, gave notice of appeal and is here assigning two errors in its brief.

2. "Wherefore, your Petitioner prays as follows:

"(1) That the decree of Dec. 10, 1948, be vacated and set aside in part and that the same now provide for the specific enforcement of the contract pled by Winkel and Lasser, to the end that the Deauville Hotel may be sold to your Petitioner for the sum of $750,000.

"(2) That the orders ordering the private sale and confirming the same to one Loew be vacated and set aside.

"(3) That upon the consummation of the sale of the property as herein requested and the payment into the Registry of this Court of the consideration therefor, that this Court adjudicate your Petitioner's rights to and its request for reimbursement of the following:

"(a) Payment of funds to Winkel and Lasser.

"(b) Its right to subrogation for mortgage and interest payments to Southern and Western Life Insurance Company.

"(c) Its right to subrogation for funds advanced to Wek Sales Company.

"(d) Its right to reimbursement of funds advanced in preservation of the Bergin lease.

"(4) That the Court likewise determine whether or not your petitioner is entitled to interest on the sums to which it might adjudicate your petitioner is entitled to a reimbursement of.

"(5) That the plaintiffs and the defendants and the receivers in this cause be required to file their respective answers to the matters herein alleged.

"(6) That pending an adjudication of the matters herein set forth that this Court enter an order enjoining the consummation of the sale to Loew interests until such time as the matters herein raised may be heard and an adjudication thereupon obtained.

"(7) And for such other and further relief as this Court may deem meet and proper."

3. As material here and in the companion cause No. 13,661 on the docket of this court, 197 F.2d 87, this order provided:

"It Is Further Ordered, Adjudged and Decreed that said motion of the receivers be and the same is hereby granted and the said petition and the supplemental petition and the oral amendment are hereby dismissed with prejudice except that the right of Deauville Associates, Inc. to file its claim, if any, in this court for any refunds which it claims it is entitled to receive in this case, is hereby preserved. The said Deauville Associ-

Error Number One is that, in dismissing its petition for partial vacation of the decree of December 10, 1951, the court erred in concluding in effect that as matter of law the petition set up no ground for Rule 60(b) relief.

Error Number Two is that the court erred in allowing Deauville Realty Co., Inc. to intervene notwithstanding its knowledge of the perpetration of fraud upon the court.

The receivers and Deauville Realty Company have filed answering briefs and, the questions having been fully argued orally and by brief, the matters are before us for decision.

We have considered the questions raised, in the light thrown upon them by the excellent brief of Deauville Realty Co., appellee, in its analysis of the voluminous record made in this needlessly protracted and fiercely contested litigation, with the deadly parallel it draws between the motion of April 7, 1950, and this one of January 17, 1951. That consideration makes clear: that there is nothing of legal substance in appellant's petition; that it is, indeed, a mere variation in form of its determined and persistent efforts, as a *lis pendens* purchaser, to avoid the effect of prior proceedings against its vendor; and that in spite of repeated decisions of the district court and of this court to the contrary, that it could not do so, it represents another effort of intervenor to obtain for itself relief which had been denied to its predecessor in title.

The same examination shows: that the allegation, that the petition for rule 60(b) relief was timely because filed as soon as the facts became known to petitioner, is not true; that a similar motion in almost the same language had been filed by it in the preceding year and then abandoned.

Further, the petition, read in the light of the record as a whole, shows that no fraud was practiced upon the petitioner or the court. Indeed, the petition itself, taken as a whole, and particularly as shown by the letter from Danton set out in it, makes it completely apparent that if any deception was on foot, neither petitioner nor the court was the victim of it.

Finally, when considered in the light of the real relief asked in the petition, the setting aside of orders authorizing the sale to Loew so as to permit petitioner to acquire the property, it is perfectly plain that the charges made are without material bearing on the granting or refusal of the ultimate relief asked. If true, which the record shows they are not, they would be mere make weights, for if the December 10th order were partially vacated as prayed, the ultimate, the real, relief asked as to Loew and the petitioners would still have to be denied.

The district judge did not err in denying the petition for partial vacation of the December 10th order by setting aside the portion of it directing sale of the property. Nor, in view of the permission granted to petitioner to file the claim which is dealt with in No. 13,661, the companion cause to this one, did he err in dismissing it.

The orders appealed from are affirmed.

ates, Inc. is, however, hereby directed to file its said claim within thirty days from the date of this order so that such claim may be considered by this Court."