Richard William KEARNS

v.

The SEVEN–UP COMPANY.

Civ. A. No. 28311.

United States District Court
E. D. Pennsylvania.

May 18, 1962.

———◆———

Freedman, Landy & Lorry, by Milton M. Borowsky, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Byrne, by T. E. Byrne, Jr., Philadelphia, Pa., for defendant.

WOOD, District Judge.

This is a motion under Rule 37(b)(2), 28 U.S.C.A. asking the Court for an Order barring the defendant from asserting the defense that it it did not have control over the distribution, bottling and sale of the bottle of Seven-Up which is alleged to have injured the plaintiff. The motion is based upon the delay of the defendant in answering interrogatories seeking this information, which were propounded by the plaintiff in August, 1960. The interrogatories were answered on February 16, 1962.

In the interim, the defendant had moved to dismiss the suit for lack of jurisdiction, which motion was denied. Thereafter, on December 6, 1961, the Court entered an order requiring the defendant to file its answers to the interrogatories within ten days. An affidavit of defendant's counsel filed with its answer to the present motion, avers that defendant's counsel attempted to comply with the ten-day time limit. The affidavit also states that defendant's counsel informed plaintiff's counsel's secretary by telephone that if the answers to the interrogatories could be filed in the latter part of January, the extension would be appreciated. Through a misunderstanding, defendant's counsel assumed that this extension of time was agreeable to plaintiff's counsel.

Plaintiff relies upon Rule 37(b)(2), which reads in pertinent part as follows:

"Rule 37. Refusal to Make Discovery: Consequences."

"(b) Failure to Comply with Order.

"(1) * * *

"(2) Other Consequences. If any party * * * *refuses* to obey an order made under subdivision (a) of this rule requiring him to answer designated questions, * * * the court may make such orders in regard to the refusal as are just, and among others the following:

**334**

"(i) An order that the matters regarding which the questions were asked * * * shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order; * * *" (Emphasis supplied.)

■ There is no doubt that the relief sought by plaintiff herein is within the power of the court to award under Rule 37 in the appropriate circumstances. However, it is important to note that the Rule states that the enumerated sanctions may be imposed if a party *"refuses* to obey an order." Plaintiff is asking us to equate defendant's failure to comply with the Court's order to answer within ten days to a refusal to answer the interrogatories. Defendant has, of course, filed its answers to the interrogatories. Therefore, defendant has not "refused" to comply with the Court's order. Although the defendant has been guilty of delay, which we do not condone, it does not appear that the merits of the plaintiff's case have been prejudiced thereby. Rule 37, by its terms, does not impose sanctions for *delay* in answering interrogatories, and the Courts have generally not so interpreted the provisions of the Rule.

■ Plaintiff has also requested that the case be placed on the trial list as if it had been at issue at the time the defendant filed its motion to dismiss. We are cited no authority for such action, nor do we see that the facts warrant it. For the foregoing reasons, we enter the following order:

## ORDER

And now, to wit, this 18th day of May, 1962, IT IS HEREBY ORDERED that the plaintiff's motions to consider certain facts to be established and to place the case on the trial list in an advanced position are denied.