**UNITED STATES of America, Plaintiff,**

v.

**Leon I. ROSS, Ross and Company, Limited, and Central Trading, Inc., Defendants.**

United States District Court
S. D. New York.
April 28, 1965.

See also D.C., 243 F.Supp. 496.

Robt. M. Morgenthau, U. S. Atty., New York City, for plaintiff.

Farber, Cohen & Diamond, New York City, for defendant.

LEVET, District Judge.

The defendant Leon I. Ross has moved for an order pursuant to Rule 37(d) of the Federal Rules of Civil Procedure to strike out the pleading of the plaintiff herein and to dismiss this action and to direct a judgment against plaintiff upon the ground that it has failed to serve answers to interrogatories heretofore served by defendant Ross on August 7, 1961.

It appears that the defendant Ross is the only defendant who has been served in this action. It is asserted that interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure were served on the attorneys for plaintiff on August 7, 1961. By consent, an order was made on August 29, 1961 to extend plaintiff's time to and including September 29, 1961 to move, object or answer the interrogatories.

At the present time it appears that the United States has taken the position that it is not required to answer the defendant's interrogatories because of the claim that Ross is in contempt of court orders. (See letter of November 20, 1964 from the United States Attorney to the attorneys for defendant, Ex. B, attached to defendant's motion papers.)

Since I have already determined that the defendant Ross is not in contempt of court as to the violation of the relevant orders, this position is not effective to excuse plaintiff from answering the interrogatories.

Even if such a principle were the rule, there is some indication that even though in contempt a party has the right to proceed with pre-trial discoveries. See Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897); Deauville Associates, Inc. v. Eristavi-Tchitcherine, 173 F.2d 745 (5th Cir. 1949). However, compare Kearns v. Seven-Up Co., 30 F.R.D. 333 (E.D.Pa.1962).

Nevertheless, it is not essential to the determination of this motion to decide what the position of the parties with respect to the interrogatories would have been if Ross had been held guilty of contempt. The grant or denial of relief now sought by Ross is discretionary. Craig v. Far West Engineering Co., 265 F.2d 251, 260, 72 A.L.R.2d 1143 (9th Cir.), cert. denied, 361 U.S. 816, 80 S.Ct. 57, 4 L.Ed.2d 63 (1959). In this circuit the striking of a pleading is a drastic remedy. Independent Productions Corp. v. Loew's Inc., 283 F.2d 730, 733 (2d Cir. 1960); see also Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962), cert. denied, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963). It appears that Ross moreover has waited 3½ years to seek this relief.

Under all the circumstances, therefore, the motion is denied provided that the plaintiff answers the interrogatories within twenty (20) days after the entry of the order herein.

Settle order on notice.