**DEAUVILLE ASSOCIATES, Inc. v. LOJOY CORPORATION et al.**

No. 12862.

United States Court of Appeals, Fifth Circuit.

April 14, 1950.

Rehearing Denied June 5, 1950.

Samuel J. Kanner, Miami, Fla., Stuart W. Patton, Miami, Fla., Samuel H. Rubin, Detroit, Michigan, for appellant.

Jerome C. Hofmayer, Miami, Fla., Albert M. Lehrman, Miami Beach, Fla., Arthur S. Friedman, Miami, Fla., and Glynn O. Rasco, Miami Beach, Fla., for appellees.

Before HUTCHESON, Chief Judge, and WALLER and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

The suit attacks a title to property acquired under and resting on an order in cause No. 1148-M-Civil in the United States District Court for the Southern District of Florida, and has for its object the nullifying of that order.

Filed in the Circuit Court in and for Dade County, Florida, on April 13, 1949, nine days after the date fixed by this court [1] for plaintiff's permitted intervention in the court below, it was brought to circumvent and nullify that determination by attempting to relitigate in the state court matters which had been finally determined in the federal court.

On April 21, it was removed to the federal court on the ground that the suit was one arising out of an attack upon the validity of an order of sale issued out of the United States District Court for the Southern District of Florida, in No. 1148-M-Civil, and, therefore, was a civil action founded on a claim or right arising under the laws of the United States.

On April 29, defendants, appellees here, filed a motion to dismiss the action because the complaint fails to state a claim against

1. Deauville Associates, Inc. v. Eristavi-Tchitcherine, et al., 5 Cir., 173 F.2d 745.

the defendant, and the motion coming on for hearing, the same was, on May 9, 1949, granted, and the suit was dismissed with prejudice.

On May 11, 1949, plaintiff filed in the trial court: (1) its motion to remand; and (2) its motion to vacate the order dismissing plaintiff's complaint. It also filed an amended complaint, in which, still attacking the action of the court in No. 1148-M-Civil, as invalid, it prayed that the court enter a declaratory decree determining and defining the respective rights of the parties, plaintiff and defendants, and further determining that the defendants have no interest in and to the property, but the only interest therein is in the plaintiff.

On May 13, these motions, on notice of the hearing, coming on to be heard, the district court entered two orders. One was an order denying the motion to vacate the May 6, 1949, order which had dismissed its original complaint.

The other was an order: reciting the examination by the court of the original record and proceedings in the cause No. 1148-M-Civil, the decree in which was attacked on the complaint; determining, from that examination, that the plaintiff has no cause of action against the moving defendants; and adjudging, that the complaint is not capable of being amended, that plaintiff's rights, if any, are limited to its claim upon the proceeds of the receiver's sale in said cause No. 1148-M-Civil, and that the complaint be, and the same is hereby, dismissed with prejudice.

Plaintiff, appealing from the orders of May 6th and May 13th, 1949, is here urging: (1) that its suit was not based upon a federal question, and, therefore, it should have been remanded; and (2) that, if the federal court had jurisdiction, it was error to dismiss the bill of complaint because it set forth facts which, if true, stated a cause of action.

■■ We cannot agree with either of these contentions. It is quite clear, upon the authorities,[2] that the suit was founded upon, and raised, a federal question authorizing its removal to the federal court. It is further clear, that the complaint and the amended complaint present nothing more than an effort, to do by indirection in the state court what it had been denied the right to do by intervention in the federal court. This was to relitigate in the state court matters already determined in the federal court.

It is quite plain that this is just another of the attempts of appellant, persisted in almost to the point of, if not beyond, contumacy, to continue to litigate matters already conclusively determined against its predecessor in title and itself.[3] The judgment appealed from is

Affirmed.

---

2. South Dakota Cent. Ry. Co. v. Continental & Commercial Trust & Savings Bank, 8 Cir., 255 F. 941, and cases cited.

3. Deauville Associates, Inc. v. Eristavi-Tchitcherine, et al., 5 Cir., 173 F.2d 745, note 1, supra; Deauville Associates, Inc. v. Murrell, 5 Cir., 180 F.2d 275.