Francisco VILLARREAL,
Plaintiff-Appellant,

v.

BROWN EXPRESS, INC.,
Defendant-Appellee.

No. 75–3963
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 7, 1976.

Rehearing Denied May 5, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Guy H. Allison, Corpus Christi, Tex., for plaintiff-appellant.

Lucian Touchstone, Dallas, Tex., Thomas H. Sharp, Jr., San Antonio, Tex., for defendant-appellee.

Before WISDOM, THORNBERRY and TJOFLAT, Circuit Judges.

PER CURIAM:

This case is an appeal by appellant Francisco Villarreal from an order of the United States District Court for the Western District of Texas granting appellee Brown Express, Inc.'s motion for summary judgment. The court ordered that appellant take nothing, that the case be dismissed on its merits, and that appellant be permanently enjoined from prosecuting any future cause of action growing out of or in any way incident to the occurrence which was the subject matter of a previous suit which was also filed in the United States District Court for the Western District of Texas.

A resolution of the issues in this case requires an explanation of the sequence of events which led to this appeal. On December 2, 1972, appellant was involved in an accident with a truck operated by Brown Express. Following the accident, appellant and others filed a law suit against Brown Express in the United States District Court for the Western District of Texas. This law suit for personal injuries was settled for $309,123.17, and the district court judge entered an order dismissing the case with prejudice. Seven days after the order of dismissal was entered, appellant filed a suit in a district court of the State of Texas, alleging that Brown Express had converted a tire that was on the vehicle in which appellant was riding when the accident, (which was the subject matter of the first law suit filed in federal district court), occurred. According to appellant's complaint in state court, the tire allegedly converted by Brown Express was such an important piece of evidence that he was forced to settle his case for personal injuries for substantially less than he could have otherwise obtained.

As a result, appellant claims that he is entitled to $1,000,000.00 for the conversion of the tire, and $5,000,000.00 in punitive damages. Brown Express filed a petition under 28 U.S.C. § 1441 to have the case removed to a United States District Court. The United States District Court held that removal was proper because: (1) appellant's complaint is essentially an attempt to increase his recovery for the personal injuries that were the subject of the prior law suit in the United States District Court; and (2) by seeking to institute a suit in state court, appellant sought to circumvent two orders of the United States District Court in the first suit; the district court judge felt that the attempted circumvention also created a federal question since a federal district court is empowered to protect its jurisdiction. *Deauville Associates v. Lojoy Corp.*, 181 F.2d 5 (5 Cir. 1950). Appellant then filed a motion to remand the case to the state district court. This motion was denied, and the original law suit filed in federal court was reopened and consolidated with the present law suit. Appellee filed a motion for summary judgment which was granted. This appeal resulted from the district court's order dismissing appellant's claim on the merits and permanently enjoining appellant from attempting to prosecute a cause of action based on the occurrence which was the subject matter of the first suit filed in federal district court.

### I.

We are convinced that the district court was correct in exercising removal jurisdiction in this case.

A party may not fraudulently evade removal by drafting a complaint so that the true purpose of the law suit is artfully disguised. *Romick v. Bekins Van & Storage Co.*, 197 F.2d 369, 370 (5 Cir. 1952), *citing Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 281, 38 S.Ct. 237, 239, 62 L.Ed. 713, 715 (1918). ". . . in practice, the federal courts usually do not limit their inquiry to the face of plaintiff's complaint, but rather consider the facts disclosed on the record as a whole in determining the propriety of removal." 14 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3734, (1976), *citing Nunn v. Feltinton*, 294 F.2d 450 (5 Cir. 1961), *cert. denied*, 369 U.S. 817, 82 S.Ct. 829, 7 L.Ed.2d 784 (1962).

Although appellant's complaint purports to seek damages for conversion of a tire, it is our opinion that the claim in this case is essentially one to recover additional damages for personal injuries, and can be viewed as an action which attacks the order of dismissal entered by the district court in the prior suit between these parties. The damages alleged by appellant are not based on the actual value of the tire, but on the alleged fraudulent concealment of the tire. In order to demonstrate any unique value that the tire might have, appellant would have to prove that a fraud was perpetrated upon him during the settlement negotiations in the prior law suit.

The proper avenue of redress for a party seeking relief from a judgment claiming fraud as grounds for relief is under Fed.R.Civ.P. 60(b)(3). "If the independent action is brought in a state court, it may be removed to the appropriate federal court on the basis of a general federal question." 7 J. Moore, Moore's Federal Practice ¶ 60.38[1] (2nd Ed. 1975), *citing Deauville Associates v. Lojoy Corp.*, 181 F.2d 5 (5 Cir. 1950). Since appellant's claim in the instant action is essentially one claiming fraud as grounds for relief, the district court judge properly considered it as being within the purview of Fed.R.Civ.P. 60(b)(3) and granted appellee's petition for removal.

### II.

It also appears that the district court judge acted properly in granting appellee's motion for summary judgment. Appellee submitted answers to interrogatories, admissions, and affidavits that tended to show that the tire in question was not altered or converted, while appellant filed no response to ap-

pellee's motion for summary judgment. Even when the evidence presented to the district court is ". . . viewed in the light most favorable to the party opposing the motion . . .", *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176, 177 (1962), we do not think that there was any genuine issue of material fact, and that appellee was entitled to judgment as a matter of law.

### III.

■■■ Finally, we feel that the district court did not act improperly when it issued an injunction enjoining appellant from further prosecuting any cause of action growing out of the accident which was the subject matter of this suit and the first suit for personal injuries. It is permissible for a federal court to enjoin relitigation of a matter adjudged by a federal judgment. 7 J. Moore, Moore's Federal Practice ¶ 60.37[2] (2nd Ed. 1975), *citing Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719 (1923).

The judgment of the district court is therefore AFFIRMED.

AFFIRMED.