936 F.2d 575
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Greg GRISWOLD, Plaintiff-Appellant,
v.
AMERICAN TELEPHONE & TELEGRAPH COMPANY, Wisconsin Telephone
Company, Bell Communications Research,
Incorporated, Mid-Plains Telephone
Company and L.M. Berry &
Company, Defendants-Appellees.
 Nos. 89-3079, 89-3080.
 United States Court of Appeals, Seventh Circuit.
 Argued April 9, 1991.
Decided June 27, 1991.
 
 1
 Before COFFEY and MANION, Circuit Judges, and HUBERT L. WILL, Senior District Judge*.
 
 ORDER
 
 2
 Greg Griswold sued numerous defendants in federal court in December 1987. (We will refer to that suit as "AT & T I ".) The suit alleged antitrust, RICO, and FCC Act violations, as well as pendent state law claims. The details of the suit are unimportant for purposes of this appeal; it suffices to say that Griswold's suit arose from a failed effort to reserve and broker "cipher" telephone numbers--that is, telephone numbers that translate to words associated with particular companies, products, or services (for example, 1-800-248-2677, which translates to 1-800-CITICORP). After massive discovery, the district court granted summary judgment for the defendants on the federal claims and dismissed the state law claims without prejudice. The court, in a thorough 46-page opinion, pointed out the deficiencies in Griswold's federal claims, and noted that even after discovery, Griswold had failed to submit any admissible evidence in opposition to the defendants' summary judgment motion.
 
 
 3
 Griswold filed an appeal from the district court's grant of summary judgment. This court granted Griswold two extensions of time in which to file his brief (both of which we granted despite the fact that Griswold's motions to extend were untimely). Despite those extensions, Griswold did not file his brief on time. Instead, after the deadline passed he tendered an incomplete brief with a request for more time to complete it. We refused Griswold's brief and dismissed his appeal for failure to prosecute. In our order dismissing AT & T I, we noted that we had dismissed for failure to prosecute an earlier appeal Griswold had filed in an unrelated case.
 
 
 4
 In December 1988, while his appeal in AT & T I was still pending, Griswold attempted to reopen the judgment by filing a Rule 60(b) motion. The district court denied the motion.
 
 
 5
 Undaunted by these rejections, Griswold again sued all the defendants, plus their attorneys, in Wisconsin state court ("AT & T II "). That suit raised essentially the same state law claims as his original suit. However, Griswold also alleged that the defendants committed fraud upon the district court in obtaining the judgment in AT & T I. Based upon the allegation of fraud on the court, the defendants removed AT & T II to the district court. There, they moved to dismiss the entire case with prejudice, including the state law claims.
 
 
 6
 The district court gave Griswold six weeks to respond to the motion to dismiss. True to form, when the time came to respond, Griswold instead asked for more time. He accompanied this request with a rambling 30-page brief explaining why he needed more time to respond and purporting to give a "taste" of the analysis he would present to the court when he finally got around to completing his response. But the court denied Griswold's request for more time and shortly after that dismissed the case. The court treated the fraud on the court claim as a Rule 60(b)(3) motion and denied it as untimely, since Griswold had not demonstrated why he could not have raised his fraud claims earlier. The court also noted that in any event Griswold had not shown that the alleged fraud had prevented him from fully and fairly presenting his case in AT & T I. The court also decided to retain jurisdiction over and dismiss with prejudice the state law claims. The court dismissed the claims for failure to prosecute, based on Griswold's consistent inability to ever meet court-set deadlines. The court also found that the claims were not well grounded in fact or warranted by existing law, and imposed sanctions on Griswold pursuant to Fed.R.Civ.P. 11.
 
 
 7
 Griswold subsequently filed a "Motion for Rule 59(2) Relief From Final Judgment" in AT & T II. Because there is no such thing as "Rule 59(2)," and because the motion was too late to be a Rule 59 motion anyway, the court treated the motion as a Rule 60(b) motion, and denied it as repetitious. At about the same time he filed his "Rule 59(2)" motion in AT & T II, Griswold filed another Rule 60(b) motion in AT & T I. The court denied that motion without comment.
 
 
 8
 Griswold has appealed from the district court's judgments dismissing AT & T II, denying his "Rule 59(2)" motion in AT & T II, and denying his latest Rule 60(b) motion in AT & T I. In his rambling oversized brief, Griswold rehashes the merits of his suit against the defendants. However, in an order entered on September 7, 1990, this court ordered the defendants to brief only the jurisdictional issues in this appeal, in effect limiting the scope of this appeal to those jurisdictional issues. Thus, the only issues we will address are first, whether the defendants properly removed AT & T II to the federal court; second, whether the district court had pendent jurisdiction over Griswold's state law claims; and, third, if pendent jurisdiction exists, whether the district court abused its discretion in dismissing the state law claims with prejudice rather than remanding those claims to state court. Assuming jurisdiction exists, the district court's decisions to deny Griswold's Rule 60(b) motions shall be affirmed.
 
 
 9
 By alleging that the defendants and their attorneys obtained judgment in AT & T I by committing fraud on the court, Griswold raised a claim that was properly removable to federal court. "The proper avenue of redress for a party seeking relief from a judgment claiming fraud as grounds for relief is Fed.R.Civ.P. 60(b)(3)." Villareal v. Brown Express, Inc., 529 F.2d 1219, 1221 (5th Cir.1976); see 7 James W. Moore and Jo Desha Lucas, Moore's Federal Practice p 60.40, at 60-410 (2d ed. 1991). If a person brings a fraud on the court claim concerning a federal court judgment as an independent action in state court, the claim raises a federal question and is removable. Villareal, 529 F.2d at 1221.
 
 
 10
 Whether pendent jurisdiction existed over the state law claims, in the sense that the district court had the power to adjudicate those claims, depends on whether Griswold has raised a substantial federal claim, and whether the federal and state law claims "derive from a common nucleus of operative fact" and are "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); Argento v. Village of Melrose Park, 838 F.2d 1483, 1491 (7th Cir.1988). Although Griswold's federal claim was not ultimately meritorious, that claim was not so frivolous on its face that it failed to invoke federal jurisdiction. See Argento, 838 F.2d at 1491-92 & n. 12. As for the claims deriving from a common nucleus of fact being such that the plaintiff would ordinarily be expected to try them in one proceeding, "a loose factual connection" between the claims is generally sufficient. 13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure Sec. 3567.1, at 117 (2d ed. 1984). The claims in this case meet this test. The state law claims are virtually identical to those in AT & T I. Setting aside the judgment in AT & T I would reinstate the original federal claim. Moreover, the fraud on the court claim, properly treated as a Rule 60(b) motion, is really just a continuation of the original lawsuit. See Smith v. Widman Trucking & Excavating, 627 F.2d 792, 799 (7th Cir.1980), a lawsuit in which the federal and state law claims were unquestionably factually connected. In short, a sufficient factual connection exists between Griswold's federal and state law claims to allow the district court to exercise pendent jurisdiction over the state law claims.
 
 
 11
 The final issue is whether the district court abused its discretion in retaining jurisdiction over and dismissing with prejudice Griswold's state law claims. While the general rule is that a district court should relinquish jurisdiction over pendent state law claims when the federal claims are dismissed before trial, the rule is not iron-clad, and exceptions exist. See Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988); Graf v. Elgin, Joliet and Eastern Ry. Co., 790 F.2d 1341, 1347-48 (7th Cir.1986). The court in this case was justified in dismissing Griswold's state law claims with prejudice. The court had a dispositive federal basis for dismissing the state law claims--failure to prosecute. Griswold argues that it was inappropriate to dismiss his claims for failure to prosecute. But given the procedural history of this case, a history that demonstrates Griswold's consistent inability to meet court-imposed deadlines (both in the district court and this court), the district court did not abuse its discretion in dismissing the state law claims. Moreover, we agree with the district court that despite sufficient opportunity, Griswold failed to show that the state law claims had any merit, and that "it would be a waste of judicial resources for another judge to invest the time necessary to read plaintiff's prolix and confusing pleadings, and to gain an understanding of the background of the lawsuit." D.Ct. Order of 8/22/89 at 8.
 
 
 12
 The district court noted in its order denying Griswold's "Rule 59(2)" motion that Griswold "has had a full and fair opportunity to be heard on his claims. He lost. His case is closed. Enough is enough. Defendants are entitled to be left alone." We agree. Therefore, the district court's decisions before us on appeal are
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Hon. Hubert L. Will, Senior District Judge for the Northern District of Illinois, is sitting by designation