Samuel Ikoko EDEGBELE, as Representative of the Estate of Jeremiah Omatseye, Deceased; Beatrice Enuma, Individually and as Next Friend of the Minor Children, Amos Omatseye and Lawrence Omatseye; Felicia Omeyia, Individually and as Next Friend of the Minor Child Monday Omatseye; and Joshua Akinbobye, Administrator of the Estate of Jacob Oyenusi, Deceased, Plaintiffs,

v.

TEXACO OVERSEAS PETROLEUM COMPANY; Texaco, Inc.; Texaco (Nigeria) Petroleum, Ltd.; Texaco Overseas (Nigeria) Petroleum Company; Aero Contractors (Nigeria) Limited; Western Geophysical Company of America; California Asiatic Oil Company; Chevron Oil Company; and Standard Oil Company, Defendants.

No. 93 CV 507.

United States District Court,
E.D. of Texas,
Beaumont Division.

Jan. 6, 1994.

Benton Musslewhite, Houston, TX, for plaintiffs.

Ted Catlett Litton, James G. Blain, Royston Rayzor Vickery & Williams, Patrick Carlton Appel, Meyer Orlando & Evans, Houston, TX, for defendants.

*MEMORANDUM OPINION AND
ORDER OF DISMISSAL
WITH PREJUDICE*

SCHELL, District Judge.

■ Presently under consideration are two items: 1) Plaintiffs' Motion to Remand and for Imposition of Rule 11 Sanctions, and 2) the Texaco and Chevron Defendants'[1] Mo-

---

1. Texaco Overseas Petroleum Co., Texaco Inc., Texaco (Nigeria) Petroleum, Ltd., Texaco Overseas (Nigeria) Petroleum Company, Chevron Asi- atic Limited f/k/a California Asiatic Oil Company, Chevron Corporation f/k/a Standard Oil Company of California, and Chevron Oil Company

tion to Dismiss With Prejudice. They squarely present this court with the following question: Does the assertion of a *res judicata* defense arising from a federal court dismissal, standing alone, give rise to federal question jurisdiction?

After consideration of the parties' pleadings, motions, and accompanying memoranda of law, the court is of the opinion that it possesses jurisdiction over this matter. Therefore, Plaintiffs' Motions to Remand and for Sanctions are DENIED; further, the Texaco and Chevron Defendants' Motions to Dismiss are GRANTED.

## FACTS AND PROCEDURAL HISTORY

Decedents' representatives once again bring suit as a result of a fatal helicopter crash which occurred off the shore of Nigeria in 1977. An edited version of Defendants' motion correctly describes the history of this action:

1. On 2/6/78, suit is filed in the Sherman Division of the United States District Court for the Eastern District of Texas, alleging violations of the Jones Act and other federal statutes by the instant defendants. (*Edegbele I*).

2. On 11/23/82, *Edegbele I* is conditionally dismissed by Judge William Wayne Justice for failure to state a claim upon which relief could be granted. Benton Musslewhite, representing Plaintiffs, timely files motions for new trial and for relief from judgment.

3. On 4/19/83, Judge Justice orders that *Edegbele I* be dismissed with prejudice upon certain conditions. This dismissal with prejudice becomes final when Plaintiffs fail to comply with the conditions therein.

4. On 1/3/84, another suit, involving the same parties and arising out of the same occurrence, is filed in the 113th Judicial District Court in Harris County, Texas. (*Edegbele II*).

5. On 2/7/84, *Edegbele II* is removed to the Houston Division of the United States District Court for the Southern District of Texas; on 12/28/84, it is remanded.

6. Thereafter, an action is brought in the Sherman Division of the United States District Court for the Eastern District of Texas, requesting the issuance of a permanent injunction against Benton Musslewhite and his Law Offices which would prohibit further prosecution of the "Edegbele" claims which were resolved by Judge Justice's orders. (*Texaco v. Musslewhite*).

7. On 2/28/86, Judge Paul Brown issues the requested injunction, with the intent of enforcing, protecting, and effectuating the Sherman Division's prior orders.

8. On 4/5/88, *Edegbele II* is dismissed without prejudice *nunc pro tunc* by the 113th Judicial District Court in respect of the *Texaco v. Musslewhite* injunction.

9. Thereafter, *Edegbele II* is appealed to the 14th Court of Appeals for the State of Texas. An unopposed motion under Rule 70 of the Texas Rules of Appellate Procedure is filed, requesting that argument be postponed until such time as the *Texaco v. Musslewhite* injunction could be appealed.

10. On 6/5/89, the *Texaco v. Musslewhite* injunction is lifted, substantially in consideration of *Chick Kam Choo v. Exxon*, 486 U.S. 140 (1988). *Edegbele II* is stayed by the 14th Court of Appeals until the Texas judiciary evaluates the effect of *Chick Kam Choo*.[2]

11. On 9/20/93, a third suit involving the same parties and arising out of the same occurrence is filed in the 60th Judicial District Court in Jefferson County, Texas. (*Edegbele III*).

(Nigeria Limited), improperly named Chevron Oil Company.

2. According to the parties, this process should be complete at the time that decisions are handed down in the *forum non conveniens* cases of *Miller v. American Dredging Co.*, 595 So.2d 615 (La. 1992), *cert. granted,* —— U.S. ——, 113 S.Ct.

1840, 123 L.Ed.2d 466 (1993), and *Choo v. Exxon Corp.*, 821 S.W.2d 190 (Tex.App.—Hous. [14th Dist.] 1991, error granted, Apr. 29, 1992). This concern is, as shall be explained, curious in that the issue of *forum non conveniens* was never reached by Judge Justice. *See* n. 5 *infra*.

12. On 10/12/93, *Edegbele III* is removed to this court and assigned case number 1:93–CV–507.

The above-enumerated motions, and others, have followed.[3]

## PLAINTIFFS' MOTION TO REMAND

This court will first address Plaintiffs' Motion to Remand.[4] As Plaintiffs have correctly stated, their complaint is on its face insufficient to confer jurisdiction—there is no diversity of citizenship among the parties, and the allegations contain no explicit question of federal law. Characterizing the removal as "clearly frivolous", and in conjunction therewith requesting the assessment of Rule 11 sanctions, Plaintiffs boldly state that "there is no federal statute, constitutional provision or law which provides for removals on the basis of *res judicata.*" Plaintiffs' Motion to Remand, at 2. That assertion, while somewhat alluring at first glance, is in the final analysis incorrect.

In opposition to Plaintiffs' Motion to Remand, Defendants have relied primarily on the cases of *Villarreal v. Brown Express, Inc.*, 529 F.2d 1219 (5th Cir.1976), and *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489 (5th Cir.1993) to establish the proposition that removal is appropriate when an action is brought in the form of an "improper collateral attack" on a federal final judgment. Opposition to Motion to Remand, at 6. Although *Villar* is not directly comparable to the instant matter,[5] *Villarreal* stands as the first case in a line of authority which supports this court's ultimate conclusion.

The relevant events in *Villarreal* were uncomplicated, and began with a settlement (and accompanying order of dismissal with prejudice) of Mr. Villarreal's personal injury suit. *Villarreal*, 529 F.2d at 1220. Seven days after the order of dismissal was entered, Mr. Villarreal filed a multi-million-dollar suit in Texas state court against the same defendant, alleging that the improper destruction of a critical piece of evidence had forced him to settle his case for substantially less than he deserved. *Id.* The second suit appeared on its face to be an ordinary state law conversion claim with no federal attributes. Nonetheless, a removal petition was filed, followed shortly thereafter by an unsuccessful remand motion. *Id.* at 1221.

The Fifth Circuit held that the Motion to Remand was properly denied:

A party may not fraudulently evade removal by drafting a complaint so that the true purpose of the law suit is artfully disguised. In practice, the federal courts usually do not limit their inquiry to the

---

**3.** *As is apparent from the recitation above, Plaintiffs have had adequate time to develop the facts necessary to respond to Defendants' motions. Plaintiffs' request that consideration of those motions be deferred for 120 days to permit further discovery relevant thereto is denied.*

**4.** While this court does have the discretion to first attend to Defendants' Rule 12(b) Motions to Dismiss asserting lack of personal jurisdiction, *see Villar v. Crowley Maritime Corp.*, 990 F.2d 1489, 1494–95 (5th Cir.1993), *petition for cert. filed*, 62 U.S.L.W. 3350 (U.S. Sept. 28, 1993) (No. 93–702), this intermediate step is rendered superfluous by the court's ultimate ruling of dismissal.

**5.** *Villar* does contain striking similarities to the instant action, most notably the fact that the *Villar* court also was simultaneously confronted with cross personal- and subject matter-jurisdiction objections. *Villar*, 990 F.2d at 1493–94. However, as the *Villar* court "established" complete diversity 'by first dismissing certain defendants before addressing the subject-matter jurisdiction issue, that case is unhelpful in resolution

of the jurisdictional issue presently under consideration in this remand motion.

Both parties' pleadings and briefs are replete with references to, and arguments about, the doctrine of *forum non conveniens*. These are misplaced. Judge Justice's rulings in no way passed on the *forum non conveniens* arguments raised at that time by Defendants. *See* Order of Nov. 23, 1982, at 8–9 ("there being no way to distinguish the facts of this case from those of *Chiazor*, it would be disingenuous, recalcitrant and unlawful to retain jurisdiction.... The determination [in *Chiazor*] that American law did not apply obviated, as it obviates in this case, any discussion of *forum non conveniens* "); Order of April 20, 1983, at 1 & 9a ("these cases were ordered conditionally dismissed on November 23, 1982, for failure to state a claim upon which relief could be granted.... [Failure of the defendants to comply with the court's conditions] would warrant granting the plaintiffs leave to amend their complaint, assuming that plaintiffs will wish to do so, in order to assert claims under Nigerian law. At that stage the district court would reach the *forum non conveniens* issue.") (citation and footnote omitted).

face of plaintiff's complaint, but rather consider the facts disclosed on the record as a whole in determining the propriety of removal.

Although [Mr. Villarreal's] complaint purports to seek damages for conversion of a tire, it is our opinion that the claim in this case is essentially one to recover additional damages for personal injuries, and can be viewed as an action which attacks the order of dismissal entered by the district court in the prior suit between these parties....

The proper avenue of redress for a party seeking relief from a judgment claiming fraud as grounds for relief is under Fed. R.Civ.P. 60(b)(3). If the independent action is brought in a state court, it may be removed to the appropriate federal court on the basis of a general federal question.

*Id.* (citations omitted).

The above-quoted language supports two interpretations. First, of course, it could be read as holding that *any* state court "attack"—here, the re-filing of a previously dismissed action—on a federal court's judgment provides "general federal question" jurisdiction. Alternatively, one could limit application of *Villarreal* to the extraordinary situation in which the so-styled "independent action" in state court could, and should have been, brought in a timely and otherwiseproper fashion directly to the federal court which had issued the order in the first place.

The correct interpretation remained undisclosed at the time that the Supreme Court handed down its ruling in *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). There, as in *Villarreal,* the District Court had declined to remand a state court case which followed on the heels of a federal court dismissal.[6] *Id.* at 395–97, 101 S.Ct. at 2426–27. In a footnote, the Supreme Court wrote:

The Court of Appeals also affirmed the District Court's conclusion that [the state court action] was properly removed to federal court, reasoning that the claims presented were "federal in nature". *We agree that at least some of the claims had a sufficient federal character to support removal.* As one treatise puts it, courts "will not permit plaintiff to use artful pleading to close off defendant's right to a federal forum ... [and] occasionally the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization."

The District Court applied that settled principle to the facts of this case. After "an extensive review and analysis of the origins and substance of" the two *Brown* complaints, it found, and the Court of Appeals expressly agreed, that respondents had attempted to avoid removal jurisdiction by "artful[ly]" casting their "essentially federal law claims" as state-law claims. We will not question here that factual finding.

*Id.* 452 U.S. at 397 n. 2, 101 S.Ct. at 2427 n. 2 (citations omitted) (emphasis added). After *Moitie,* therefore, the only fact known with certainty was that there existed *some* class of actions which were possessed of a "sufficient federal character" to confer federal question jurisdiction when the two traditional routes of explicit statutory authority or complete preemption of state law were unavailable.

In *Moitie's* aftermath, a loose consensus was reached, with perhaps the most insightful analysis laid out in *Sullivan v. First Affiliated Securities, Inc.,* 813 F.2d 1368 (9th Cir.), *cert. denied,* 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987). That court concluded:

---

**6.** Filed at the inception of that dispute were seven private antitrust actions which alleged price fixing by various department stores. *Moitie,* 452 U.S. at 395–96, 101 S.Ct. at 2426–27. They were consolidated and dismissed by the United States District Court for the Northern District of California for failure to allege an "injury" to the plaintiffs' "business or property" within the meaning of the Clayton Act, 15 U.S.C. § 15 *et seq. Id.* at 396, 101 S.Ct. at 2427. In-

stead of appealing that decision, the single counsel representing two of the seven plaintiffs reacted by filing actions (*Moitie II* and *Brown II* ) in state court. The allegations in the complaints, though couched in state law terms, were functionally equivalent to the ones which had been dismissed in federal court. *Id.* Those cases were removed, and the denial of the subsequent remand motions was appealed to the Supreme Court. *Id.* at 396–98, 101 S.Ct. at 2427–28.

The Supreme Court did not explain why the state claims had "sufficient federal character to support removal," and the task of divining *Moitie's* theoretical underpinnings has fallen to the lower courts and commentators. . . .

Two justifications may be advanced for *Moitie's* use of the artful pleading doctrine: (1) plaintiff's election of forums by suing in federal court, and (2) federal res judicata.

*Id.* at 1373.[7] More recently, citing cases from the Second and Third Circuits, Judge Paul Brown of this District reached a similar conclusion, commenting that "although *Moitie* did not involve complete pre-emption, the use of the artful pleading doctrine was probably based on either plaintiff's previous election of a federal forum, or on the defendants' assertion of a federal res judicata defense." *Gemcraft Homes, Inc. v. Sumurdy*, 688 F.Supp. 289, 291–92 n. 5 (citations omitted).

The only instance in which the Fifth Circuit has addressed the implications of the Supreme Court's *Moitie* footnote was its decision in *Powers v. South Central United Food & Commercial Workers Unions*, 719 F.2d 760 (5th Cir.1983). It is clear that the *Sullivan* decision cannot be read as being entirely in harmony with the Fifth Circuit's analysis in *Powers:*

> In [*Powers*], the plaintiff filed parallel state and federal actions. The Fifth Circuit held that removal was improper because, in contrast to *Moitie*, the plaintiff had "not evidenced a desire to proceed under federal law; rather, she has consistently and vociferously attempted to avail herself of the state forum," and she filed the federal suit after the state suit as a tactical maneuver to protect against the running of the statute of limitations.

The Fifth Circuit's distinctions are not persuasive. The amount of effort plaintiff expended in the state forum, and her motives for filing the federal action, whether tactical or not, are irrelevant if removal is justified by the election to pursue the federal action.

*Sullivan*, 813 F.2d at 1375. Nonetheless, any disharmony—that the Fifth Circuit may espouse broader application of "federal *res judicata* jurisdiction" than the Ninth—logically works in Defendants' favor, and thus only reinforces this court's ultimate conclusion.

The history of the instant matter includes both (1) a prior election by Plaintiffs to proceed in federal court, and (2) an assertion of a "federal *res judicata*" defense. Therefore, this court has the luxury of relying on either of the interpretations of *Moitie's* "substantial federal character" class of cases advanced in *Sullivan, Gemcraft*, and elsewhere. *Cf. Nowling v. Aero Services International Inc.*, 734 F.Supp. 733, 737 (E.D.La.1990) (harmonizing *Villarreal, Moitie*, and *Sullivan* in allowing removal when a state law claim "calls into question a federal court order").

Plaintiff's Motion to Remand might have been better received under other circumstances—for instance, if the prior federal court judgment in this matter had been rendered in a case which had been filed in state court and subsequently removed by the instant defendants. In such a situation the Plaintiffs' prerogative to choose a forum as the "master" of their complaint could possibly outweigh the Defendants' right to have the second case heard in a federal forum.

But this is not the situation which now faces this court. It is important to note that, had Plaintiffs chosen to file *Edegbele I*—essentially a Jones Act claim—in state court, Defendants would have been as a matter of law powerless to remove the case to federal court. *See, e.g., Addison v. Gulf Coast Contracting Services, Inc.*, 744 F.2d 494, 501 (5th Cir.1984). Instead, Plaintiffs chose to file *Edegbele I* in federal court—and in so doing, gave rise to the "substantial federal character" of the instant action. *Cf. Pointer v. Crown Cork & Seal Co.*, 791 F.Supp. 164, 168 (S.D.Tx.1992) (removal improper when plain-

---

7. The "election" theory was eventually rejected by the *Sullivan* court. *Id.* at 1374–75. Nevertheless, the Fifth Circuit's apparent reliance on "election"-type conduct in *Powers v. South Central Food & Commercial Workers Union*, 719 F.2d 760 (5th Cir.1983) supports Defendants' assertions that "federal *res judicata*" is a proper ground for jurisdiction in this Circuit. *See* Discussion at 9 *infra*.

tiff had not in the past "consented to the federal forum"). Unsatisfied with their result in Judge Justice's court, Plaintiffs refiling is simply an attempt to "avoid and attack" the *Edegbele I* orders. *Nowling,* 734 F.Supp. at 737.

 A narrow concern with conservation and efficiency of judicial resources might, in the absence of the authority outlined above, counsel against inviting removal petitions in "federal *res judicata*" cases.[8] It nonetheless seems clear that, whatever the precise contours of *Moitie's* "sufficient federal character" class may be, this case falls within it.

One court, interpreting *Moitie's* finding of jurisdiction, described it as "an aberration, necessary in light of the unusual facts of that case". *Gold v. Blinder, Robinson & Co.,* 580 F.Supp. 50, 53 n. 1 (S.D.N.Y.1984). This action, the efforts of Plaintiffs' attorney Musslewhite to the contrary,[9] is equally irregular. Involving the same cast of characters, and based on the same underlying event, it attempts to resurrect in state court a lawsuit which had been put to rest nearly a decade ago when Judge Justice's Conditional Order of Dismissal With Prejudice became final upon Plaintiffs' failure to fulfill those conditions.[10]

 Having established that this case is possessed of a "sufficient federal character" to warrant removal jurisdiction, it is not difficult to dispose of it. Despite an apparent misunderstanding on the part of counsel regarding the reason for dismissal, *see* n. 5 *supra,* Judge Justice's 1982 and 1983 orders contained two essential elements: 1) A finding, after consideration of the choice-of-law issue presented, that United States law was inapplicable and that Nigerian law would apply; and 2) A conditional dismissal with prejudice for failure to state a claim upon which relief may be granted, made final upon Plaintiffs' failure to timely comply with the conditions set forth by the court, including filing an action in the appropriate Nigerian court or seeking to reopen *Edegbele I.*[11]

The above-mentioned findings require dismissal of the present action under the doctrines of *res judicata* and "law of the case". Since Judge Justice has found only Nigerian law to be applicable, Plaintiffs' Texas state law claims are *a fortiori* null. By the same token, Plaintiffs' Nigerian law claims are barred by the Plaintiffs' failure to comply with the conditions set forth in Judge Justice's 1983 order. *See* n. 10 *supra; cf. Kurzweg v. Marple,* 841 F.2d 635, 638–39 (5th Cir.1988) ("under the federal law of res judicata, a prior judgment rendered by a court of

8. State courts are of course bound—and trusted—to respect the *res judicata* impact of a federal judgment. *See, e.g., Limbach v. Hooven & Allison Co.,* 466 U.S. 353, 361–62, 104 S.Ct. 1837, 1842–43, 80 L.Ed.2d 356 (1984). Since, by its own terms, a federal court's reliance on "federal *res judicata*" jurisdiction requires a concurrent finding that the *res judicata* defense is meritorious, the State court in which the case was filed should reach the same conclusion on the merits as the federal court to which it was removed—without having undergone the additional procedural process of removing the action.

9. *Cf. Villar,* 990 F.2d at 1492–93 (three cases—one in California federal court, then one in California state court, and then one in Texas state court—filed during period from 1980 to 1990 as result of fatal 1977 maritime accident; Plaintiffs represented by Mr. Musslewhite).

10. *See* Feb. 28, 1986 Injunction of Judge Paul Brown at 5–7:

Edegbele/Akinbobye, et al., did not file any action in Nigeria pursuant to the [Conditional Order of Dismissal With Prejudice] and have

made no, effort to reopen the cases in this Court....

In January 1984, Edegbele/Akinbobye, et al., filed separate actions in the District Courts of Harris County, Texas, seeking recovery on all of the grounds on which recovery was sought in the actions originally filed in this Court, but in addition seeking recovery under the Wrongful Death Statute of the State of Texas. All of these claims, including the claims for relief under the Wrongful Death Statute of the State of Texas are barred by principles of *res judicata....*

This injunction is issued by the Court in aid of its jurisdiction and in order to enforce, protect and effectuate its prior decrees of November 23, 1982 and April 20, 1983, and to protect the Plaintiff, and the other parties listed above, who were Defendants in previous litigation in this Court from repetitive and vexatious relitigation of the claims asserted by Edegbele/Akinbobye, et al., and their attorneys which have already been resolved under the principles of *res judicata.*

11. See n. 10 *supra.*

454

competent jurisdiction bars a subsequent cause of action between the same parties as to not only all matters litigated in the first suit, but also all matters that could have been litigated regarding the same cause of action"). Judge Justice's order therefore stands as a final judgment dismissing the Nigerian law claims with prejudice.[12]

In conclusion: 1) Plaintiffs' Motion to Remand and for Sanctions is DENIED; 2) Defendants Texaco Overseas Petroleum Co., Texaco Inc., Texaco (Nigeria) Petroleum, Ltd., Texaco Overseas (Nigeria) Petroleum Company, Chevron Asiatic Limited f/k/a California Asiatic Oil Company, Chevron Corporation f/k/a Standard Oil Company of California, and Chevron Oil Company (Nigeria Limited), improperly named Chevron Oil Company's Motions to Dismiss are GRANTED, and this action is dismissed in its entirety.

___

**12.** It is therefore unnecessary to address the *forum non conveniens* issues expressly left unad-dressed by Judge Justice and presently re-asserted by Defendants.