**Eric BARON and Edward C. Allen, On Behalf of Themselves and All Others Similarly Situated, Plaintiffs,**

**v.**

**David B. STRASSNER, Douglas H. Kiesewtter, David R. Albin, Natural Gas Partners, L.P., David Garcia, John L. Myers, Offshore Energy Development Corporation, Morgan Keegan & Company, Inc., and Principal Financial Securities, Inc., Defendants.**

No. CIV. A. H–97–3842.

United States District Court,
S.D. Texas,
Houston Division.

April 8, 1998.

872

Roger B. Greenberg, Greenberg Peden Siegmyer & Oshman, Houston, TX, for plaintiffs.

Kenneth R. Wynne, Wynne & Maney, Houston, TX, for defendant.

*MEMORANDUM AND ORDER*

WERLEIN, District Judge.

Pending is Defendants' Motion to Dismiss (Document No. 4), Plaintiffs' Motion to Stay Consideration of Defendants' Motion to Dismiss (Document No. 5), Plaintiffs' Motion to Remand (Document No. 6), and Defendants' Motion to Consolidate (Document No. 22). After having considered the motions, the responses, the additional briefing, and the applicable law, and having had the benefit of the parties' argument at the Rule 16 Scheduling Conference, the Court concludes, for the reasons set forth below, that Plaintiffs' Motion to Remand is GRANTED, and that the remaining motions are DENIED as MOOT.

The jurisdictional issue raised in Plaintiffs' Motion to Remand is a threshold issue which must be decided first, that is, whether Defendants' removal of this action on the basis of federal question jurisdiction was proper.

## I. *Background*

Plaintiffs filed this class action securities fraud case in state court pursuant to the civil liability provisions of the Texas Securities Act, TEX. REV. CIV. STAT. ANN. art. 581–33 (Vernon Supp.1998). Plaintiffs allege that Defendants misrepresented material information about the financial condition of Offshore Energy Development Corporation ("OEDC") in connection with an initial public offering of OEDC stock.

Defendants removed the action, claiming that although Plaintiffs have alleged only state law claims under the Texas Securities Act, their claims for securities fraud really arise under the Securities Act of 1933 and the Securities Exchange Act of 1934. According to Defendants, Plaintiffs' claims, which relate to "transactions that occurred on a national market ... for purchases made in states other than Texas by non-Texas residents," are "thinly disguised claim[s] arising out of the Securities Act of 1933 and the Securities Exchange Act of 1934." Notice of Removal (Document No. 1) at 2. In addition, Defendants allege that the Texas Securities Act, to the extent it has extraterritorial jurisdiction, is completely preempted by federal

law. Notice of Removal (Document No. 1) at 3.

In their Motion to Remand, Plaintiffs argue that they have alleged exclusively state law claims, that they have not artfully pled their claims to avoid removal, and that their state law claims are not completely preempted by federal securities laws. Because their original state court petition alleges only state law claims, Plaintiffs maintain that the Court does not have federal question jurisdiction over this case.

## II. *Discussion*

### A. *Burden of Proof in Determining Federal Jurisdiction*

■ Under 28 U.S.C. § 1441(b), cases filed in state court which arise under the "Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." When a plaintiff moves to remand for lack of jurisdiction, the burden of establishing jurisdiction and the propriety of removal rests upon the defendant. *Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 365 (5th Cir.1995); *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992). Any doubt as to the propriety of the removal is to be resolved in favor of remand. *Walters v. Grow Group, Inc.*, 907 F.Supp. 1030, 1032 (S.D.Tex.1995).

### B. *Federal Question Jurisdiction*

■ Whether federal question jurisdiction exists in a removed action is based on the allegations in the plaintiff's "well pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); see *also Rivet v. Regions Bank of Louisiana,* — U.S. —, —, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998). Under the well-pleaded complaint rule, federal question jurisdiction depends on whether "there ap-

pears on the face of the complaint some substantial, disputed question of federal law." *Carpenter*, 44 F.3d at 366; *see also Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). Jurisdiction cannot be based on an anticipated or inevitable federal defense. *Franchise Tax*, 103 S.Ct. at 2848 ("[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.").

■ It is well settled that the party who brings the suit is the master of what law he will rely upon. *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716 (1913), *overruled on other grounds by, Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Thus, even though a federal claim is available to a plaintiff, if that plaintiff chooses not to assert that federal claim, then the defendant generally cannot remove the claim to federal court on the basis of a possible asserted claim or a possible federal defense. *Carpenter*, 44 F.3d at 366; *Coody v. Exxon Corp.*, 630 F.Supp. 202, 204 (M.D.La.1986). Federal question jurisdiction does not exist if there is not a federal question on the face of the plaintiff's complaint. *Gully v. National Bank*, 299 U.S. 109, 111–13, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936).

■ Two limited circumstances exist in which a defendant may properly remove a case which alleges only state law claims. In the first, the state law claim is completely preempted by federal law. In the second, the plaintiff "has available no legitimate or viable state cause of action, but only a federal claim," and has cast his claim in state law terms solely in order to defeat a defendant's right of removal. *Carpenter*, 44 F.3d at 366. The first situation is based on the complete preemption doctrine. The second situation is based on the artful pleading doctrine.[1]

---

1. There is also authority for the proposition that    the two doctrines are really one. *See Arnold v.*

## C. Complete Preemption

■ With the complete preemption doctrine, the Supreme Court recognized that the preemptive force of a federal statute may be "so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' " *Caterpillar*, 107 S.Ct. at 2430 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987)). Complete preemption, however, is rare, and will be found only where it is provided for by statute. *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 925 (5th Cir.1997). Complete preemption generally arises with respect to federal labor relations law and the Employee Retirement Security Act of 1974 (ERISA). *Carpenter*, 44 F.3d at 367 n. 2.

Defendants alleged in their Notice of Removal that Plaintiffs' state law securities fraud claims are completely preempted by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u–4, et seq., and the National Securities Markets Improvement Act of 1996. Defendants' Notice of Removal (Document No. 1) at 3. During the Rule 16 Scheduling Conference, however, Defendants conceded that Plaintiff's claims are not "completely preempted" by any federal securities law. Given that concession, and the lack of any statutory support for the complete preemption of Plaintiffs' claims by federal securities laws, this basis for removal fails.

## D. Artful Pleading

Courts have also recognized that plaintiffs may, in some instances, purposely fail to allege a federal question and artfully plead their claim in state law terms solely in order to defeat removal. "[W]here the plaintiff necessarily has available no legitimate or viable state law cause of action, but only a federal claim, he may not avoid removal by artfully casting his federal suit as one arising exclusively under state law." *Carpenter*, 44 F.3d at 366. The artful pleading doctrine

"does not convert legitimate state claims into federal ones, but rather reveals the suit's necessary federal character." *Id.* at 367.

■ Courts faced with allegations of artful pleading are not bound by the plaintiff's characterization of his claims, or the labels placed on those claims. *Carpenter*, 44 F.3d at 367; *Edegbele v. Texaco Overseas Petroleum Co.*, 840 F.Supp. 448, 451 (E.D.Tex.1994). Rather, the court must look to the plaintiff's allegations and the state law relied upon to determine whether "the plaintiff necessarily has available no legitimate or viable state law cause of action, but only a federal claim." *Carpenter*, 44 F.3d at 366. The court, however, is limited to the facts alleged for the propriety of removal and the existence of federal question jurisdiction cannot be based on "facts not alleged in the complaint." *Caterpillar*, 107 S.Ct. at 2432.

■ As with any other basis for removal, Defendants have the burden of proving that removal was proper under the artful pleading doctrine and that the court has subject matter jurisdiction. *Yawn v. Southern Ry. Co.*, 591 F.2d 312, 316 (5th Cir.), *cert. denied*, 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 304 (1979). In addition, any doubt is to be resolved against removal and in favor of remand. *Grow Group*, 907 F.Supp. at 1032. In the context of the artful pleading doctrine, this requires a showing that Plaintiffs have no legitimate or viable state law cause of action. *Carpenter*, 44 F.3d at 366.

■ Defendants argue that Plaintiffs have no legitimate or viable cause of action under the Texas Securities Act because the Texas Securities Act "cannot be applied extraterritorially to transactions that occurred outside Texas by non-Texas residents". Response to Motion to Remand (Document No. 18) at 2. In support of their argument that Plaintiffs have no viable claim under the Texas Securities Act Defendants cite *Enntex Oil & Gas Co. (Of Nevada) v. State*, 560

---

Blue Cross & Blue Shield of Texas, Inc., 973 F.Supp. 726, 731 n. 8 (S.D.Tex.1997) ("Although the artful pleading doctrine has at times been treated as a separate exception to the well-pleaded complaint rule, the Supreme Court and the Fifth Circuit have blurred these doctrines by sug-

gesting that courts should limit the artful pleading doctrine to cases involving complete preemption."); *but see Gaar v. Quirk*, 86 F.3d 451, 454 (5th Cir.1996)(discussing complete preemption and artful pleading as two exceptions to the well pleaded complaint rule).

S.W.2d 494, 497 (Tex.App.—Texarkana 1977, writ ref'd n.r.e.). Defendants also strongly rely on the fact that Plaintiffs have cited no Texas authority that either authorizes or approves of the type of nationwide class action under the Texas Securities Act that has been alleged in this suit.

To begin with, it is not required that Plaintiffs provide the Court with authority to establish the viability of their claims under the Texas Securities Act. It is Defendants' burden, upon their removal of this case and in support of their artful pleading allegations, to establish that Plaintiffs have no legitimate or viable state law cause of action. This has not been done.

Under the civil liability provisions of the Texas Securities Act,

[a] person who offers or sells a security (whether or not the security or transaction is exempt under Section 5 or 6 of this Act) by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, is liable to the person buying the security from him, who may sue either at or in equity for rescission, or for damages if the buyer no longer owns the security. . . .

\* \* \* \* \* \*

If the prospectus required in connection with the registration contains, as of its effective date, an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, the issuer is liable to a person buying the registered security, who may sue either at law or in equity for rescission or damages if the buyer no longer owns the securities. . . .

Tex. Rev. Civ. Stat. Ann. art. 581–33 §§ A(2) and C(2) (Vernon Supp.1998). There is nothing in the Texas Securities Act itself, or in the civil liability provisions that Plain-

tiffs rely upon, which precludes the type of claims asserted by Plaintiffs or the type of relief sought. Moreover, *Enntex* does not preclude relief for non-Texas residents under the Texas Securities Act, as Defendants suggest. In *Enntex*, the State of Texas brought suit against resident defendants who had misrepresented certain facts related to undivided interests in oil and gas leases that were located in the State of Texas and were being offered for sale to out-of-state residents. The Court of Appeals in *Enntex* held that:

[t]he [Texas] Securities Act regulates sellers and sales. It applies if the seller is any link in the chain of the selling process. It is obvious from an examination of the quoted portion of the [Texas] Securities Act and the holdings in the cited cases that the [Texas] Securities Act applies to appellants and their sales activities even though the purchasers, who are not regulated by the Act, were non-residents of the State of Texas. . . . A state is damaged if its citizens are permitted to engage in fraudulent practices even though those injured are outside its borders. Clearly, the State of Texas has a legitimate local public interest in taking precautions that oil and gas leases covering its lands are not the subject of fraudulent securities practices. The Texas Securities Act, Tex.Rev.Civ. Stat. Ann. art. 581–1, et seq., only applies to disposition of securities within the state and accordingly, only incidentally touches interstate commerce.

*Enntex*, 560 S.W.2d at 497 (citation omitted). *Enntex* appears consistent with the proposition that the Texas Securities Act may as well protect non-Texas residents from fraudulent securities practices emanating from Texas. *See also, Minexa Arizona, Inc. v. Staubauch*, 667 S.W.2d 563 (Tex.App.—Dallas 1984, no writ) (citizens of West Germany brought suit against an Arizona corporation which was not authorized to do business in the State of Texas under the Texas Securities Act).[2]

In the instant case, it may be inferred from Plaintiffs' allegations of a nationwide class that not all of the purchasers of the OEDC stock were Texas residents. It may also be inferred that not all the stock purchases were consummated in the State of

---

**2.** The issue in *Minexa* was not whether the Texas Securities Act provided the out-of-state plaintiffs with a remedy, but rather, whether the state court had personal jurisdiction over the defendants.

Texas. Nonetheless, there are sufficient allegations in Plaintiffs' pleading that the misrepresentations which underlie Plaintiffs' state law securities fraud claims originated, and were advanced, in the State of Texas. It is alleged that OEDC is headquartered in The Woodlands, Texas, and that the principals who allegedly committed the securities fraud include OEDC's President and Executive Vice President, both of whom office at OEDC's corporate offices in The Woodlands. In fact, most of the Defendants are Texas residents; and those who are not conduct business in the State of Texas. Plaintiffs have *alleged* in their pleading at least a sufficient nexus between the claims of the prospective Plaintiff class and the State of Texas to justify reliance on the Texas Securities Act. *E.g., Weatherly v. Deloitte & Touche,* 905 S.W.2d 642, 650 & n. 6 (Tex. App.—Houston [14th Dist.] 1995, dism'd w.o.j.). Whether in fact a sufficient nexus actually exists between the claims of the proposed Plaintiff class and the State of Texas such as to permit the suit to go forward under the Texas Securities Act may well present mixed questions of law and fact for the state court to decide at a future time. At present, however, in the context of Defendants' removal of this action and their reliance on the artful pleading doctrine, it cannot be concluded from a reading of the complaint, *Caterpillar,* 107 S.Ct. at 2432, that Plaintiffs have no viable state law cause of action and only a federal claim. *Carpenter,* 44 F.3d at 367.

### E. *Constitutionality*

As an aside to the artful pleading arguments, Defendants also argue that if the Texas Securities Act applies in the manner urged by Plaintiffs, the Texas Securities Act would violate the Commerce Clause. Defendants are thus tangentially advancing a constitutional challenge to the Texas Securities Act as a basis for federal question jurisdiction in this case.

■ Defendants, however, cannot create federal question jurisdiction defensively. *See*

*Franchise Tax,* 103 S.Ct. 2848–49. Moreover, the constitutionality issue raised by Defendants was addressed and rejected by the Texas Courts in *Enntex. Enntex,* 560 S.W.2d at 497–98. Defendants' constitutionality argument cannot create federal question jurisdiction in this case where none exists on the face of Plaintiffs' pleading.

### III. *Order*

Because Defendants have not carried their burden of establishing the propriety of their Removal and the existence of federal question jurisdiction, it is

ORDERED that Plaintiffs' Motion to Remand (Document No. 6) is GRANTED, and this case is REMANDED to the 270th District Court of Harris County, Texas. The Clerk will mail a certified copy of this Order to the Clerk of the 270th Judicial District Court of Harris County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order. It is further

ORDERED that Defendants' Motion to Dismiss (Document No. 4), Plaintiffs' Motion to Stay Consideration of Defendants' Motion to Dismiss (Document No. 5), and Defendants' Motion to Consolidate (Document No. 22) are DENIED as MOOT.