Roy E. **FAJEN**, Plaintiff-Appellant,

v.

**FOUNDATION RESERVE INSURANCE COMPANY, INC.**, Defendant-Appellee.

No. 80–1411.

United States Court of Appeals, Tenth Circuit.

July 15, 1982.

Dissenting Opinion July 19, 1982.

Lloyd Jackson Webb of Webb, Burton, Carlson, Pedersen & Paine, Twin Falls, Idaho, for plaintiff-appellant.

Jonathan W. Hewes of Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, N.M. (Perry C. Abernethy of Ussery & Parrish, P. A., Albuquerque, N.M., on brief), for defendant-appellee.

Before SETH, Chief Judge, and DOYLE and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

This lawsuit arises out of plaintiff Roy Fajen's attempts to enforce a default judgment obtained in Nevada state court. After a series of proceedings in state and federal courts, the United States District Court of New Mexico dismissed the action following its removal from New Mexico state court. We conclude that removal was improper and remand this case with directions to the district court to remand the action to state court.

In 1971 Fajen filed suit in a Nevada district court against William Sublett and Nelda McCallister for personal injuries sustained in an automobile accident that occurred on April 4, 1970, near Reno, Nevada (Cause No. 274721). Fajen served Sublett and McCallister through the director of the department of motor vehicles, under a statute that provides for substituted service on nonresident operators of motor vehicles involved in accidents in Nevada. *Id.* The statute also requires the plaintiff to send by registered or certified mail notice of the service and a copy of the process to the defendant at the address supplied by the accident report or at the best address available to the plaintiff. The original process, a return receipt from the mailing, and an affidavit of compliance, must be filed in the lawsuit. Nev.Rev.Stat. § 14.070. Fajen purported to comply with these requirements. The defendants did not appear and the Nevada court entered a judgment of default on December 5, 1972.

In 1977, Fajen filed suit in the United States District Court of New Mexico on the unsatisfied Nevada judgment (No. CIV 77–211–M). In this suit he named the present defendant, Foundation Reserve Insurance Company, Inc., as the insurer of Nelda McCallister and her vehicle, which had been driven by William Sublett. Foundation Reserve moved to dismiss on the ground that the Nevada state court was without personal jurisdiction over McCallister and William when it entered the default judgment.

The federal court in CIV 77–211–M found that the affidavit of compliance filed with the Nevada court did not meet the requirements of the Nevada substituted service of process statute because it failed to state the address where the process was sent and the source of the address, so as to establish the good faith effort of the plaintiff to give actual notice. In an effort to cure the problem, counsel for Fajen filed an affidavit in the federal court action explaining the source of the three addresses to which

service of process had been sent. The court rejected this effort to remedy in federal court the defect in the Nevada state court proceeding, stating:

"All of the affidavits filed by the plaintiff in opposition to summary judgment attempting to show the good faith, due diligence and actual service of Sublett are of no avail. The Nevada Court must have had sufficient facts before it to justify its exercise of jurisdiction, which the record clearly indicates it did not. The record cannot be cured at this late date by affidavit. The Nevada statute requires that an affidavit of compliance, stating the address and source of that address of the defendant, must be filed, regardless of whether the return receipt was signed and received, refused or not signed by the defendant."

Rec., vol. II, at 87. The court granted summary judgment in favor of Foundation Reserve, finding that the Nevada court did not have jurisdiction over the alleged tortfeasors. Fajen appealed the decision to this court. However, he voluntarily dismissed the appeal on May 31, 1978, thus leaving the trial court judgment intact.

On May 11, 1978, Fajen returned to the Nevada state court that had entered the default judgment. His Nevada counsel filed an amended affidavit of compliance along with an affidavit by plaintiff's Idaho counsel that set out additional facts showing compliance with the statute. Based on these affidavits, the state court determined that the requirements of Nev.Rev.Stat. § 14.070 had been fully met and entered an amended default judgment *nunc pro tunc* (Cause No. 79–500).

In 1979, Fajen filed a complaint against defendant Foundation Reserve Insurance Company, Inc. in a New Mexico state court to enforce the unsatisfied amended Nevada judgment. Defendant petitioned to remove the action to federal court under the federal question removal statute, 28 U.S.C. § 1441(b). The United States District Court of New Mexico granted the petition of removal over plaintiff's objection, holding that it had jurisdiction to protect its judgment entered against plaintiff in 1977. The district court also consolidated the removed action with the first case (CIV 77–211–M) and treated plaintiff's claim as a Rule 60(b) motion to vacate the initial federal judgment. The court denied the Rule 60(b) motion and dismissed the case.

The threshold issue on this appeal is whether removal jurisdiction is proper. Removal statutes are to be strictly construed, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941), and all doubts are to be resolved against removal. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir.), *cert. denied*, 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 261 (1957). This circuit has held that to support removal jurisdiction, "the required federal right or immunity must be an essential element of the plaintiff's cause of action, and that the federal controversy must be 'disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'" *Madsen v. Prudential Federal Savings & Loan Assn.*, 635 F.2d 797, 800 (10th Cir. 1980) (citing *Gully v. First National Bank*, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70 (1936)), *cert. denied*, 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389 (1981); *see also Oklahoma ex rel. Wilson v. Blankenship*, 447 F.2d 687, 691–92 (10th Cir. 1971), *cert. denied*, 405 U.S. 918, 92 S.Ct. 942, 30 L.Ed.2d 787 (1972).

The district judge did not address these tests but instead held removal proper because he concluded that jurisdiction existed to protect the effect of his prior decision in CIV 77–211–M, citing *Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976). However, that case can be distinguished from the facts of the instant case. In *Villarreal*, the original action was brought in federal court and the judgment in that federal suit was a material part of the *plaintiff's* subsequent state court case. Here, the original cause of action resulting in the default judgment was brought in state court based on negligence. It involved no federal or Constitutional question. The first suit to enforce that judg-

ment was brought in federal court based on diversity of citizenship. In that proceeding, the district court determined that the state court did not have sufficient documents before it to establish personal jurisdiction through compliance with the state's statutory procedure for substituted service on nonresident motorists. The district court further concluded that this defect could not be cured by an affidavit filed in *federal* court, noting that under state law an affidavit of compliance must be filed with the state court.

The district court's judgment in CIV 77–211–M was limited to a determination that the state court was without jurisdiction to render the original default judgment. The court did *not* determine whether under the applicable state law Fajen could go back to state court, cure the defects in the proof of service, and obtain an amended default judgment *nunc pro tunc.* This issue was not specifically addressed by the federal court until this removed action, where the court held that the Nevada court could not cure the previous void judgment.

■ The district court erred in concluding that federal jurisdiction existed to support removal in the second enforcement action. The first federal judgment held only that the Nevada state court lacked personal jurisdiction to render the original default judgment. The issue in this suit is whether the Nevada state court may cure the jurisdictional defect after the fact. Thus, the holding in the first federal action is not collaterally attacked in the second enforcement suit; in fact, it is presumed to be correct. Fajen is not making a second attempt to enforce the original state court default judgment but is seeking to enforce a judgment that was amended *nunc pro tunc* to cure admitted defects. The federal district court made no prior ruling on Fajen's ability under state law to cure the defect in this manner; the issue was simply not before the court. Consequently, the prior federal judgment is not at issue in this action and does not require protection.

■ The removed action seeks to enforce an amended state court judgment based on state law, and it reveals no federal question on its face. To the extent the first federal court judgment is relevant to this new action at all, and we cannot see that it is, it is so only by way of *defense* and does not support removal jurisdiction. When a plaintiff predicates his suit upon rights created under state law, it is irrelevant to federal question jurisdiction that a prior judgment in a related federal district court suit is alleged by defendant to bar recovery. *See Madsen,* 635 F.2d at 801. "[T]he fact that the suit involves the construction and effect of a federal judgment does not make it one arising under the federal law." *Oklahoma ex rel. v. Wilson,* 447 F.2d at 692; *Prairie Band of Pottawatomie Tribe of Indians v. Puckkee,* 321 F.2d 767, 770 (10th Cir. 1963). We conclude, therefore, that no federal jurisdiction exists to support removal. Defendant must litigate in New Mexico state court its defenses to the amended Nevada judgment.

The judgment below is reversed and remanded with directions to remand the action to the state court.

SETH, Chief Judge, dissenting:

I must dissent from the majority opinion because in my view it is based on an analysis which is directed to the nature of the cause of action rather than on the protection of a final judgment entered by the United States District Court.

The plaintiff appeals from a judgment entered by the United States District Court of New Mexico (which had ordered removal of the action from state court) denying a motion to vacate a previous federal judgment and dismissing the action for lack of personal jurisdiction. The events leading to this judgment are as follows.

In 1971 the appellant, Roy Fajen, filed suit in a Nevada district court against William Sublett and Nelda McCallister seeking damages for personal injuries sustained in an automobile accident which occurred on April 4, 1970 near Reno, Nevada (Cause No. 274721). The plaintiff served the defendants pursuant to a substituted service of

process statute. Under the statute operators of motor vehicles involved in accidents in Nevada could be served by leaving process with the director of the department of motor vehicles. The plaintiff also had to send by registered or certified mail notice of the service and a copy of the process to the defendant at the address supplied by the accident report or at the best address available to the plaintiff. Along with the original process the plaintiff had to file a return receipt and an affidavit of compliance. Nev.Rev.Stat. § 14.070. The plaintiff sought to utilize the Nevada statute. The defendants never appeared and the Nevada court entered a judgment of default on December 5, 1972.

On April 20, 1977 the plaintiff filed suit in the United States District Court of New Mexico on the unsatisfied Nevada judgment (No. CIV 77–211–M). In this suit he named the present defendant, Foundation Reserve Insurance Company, Inc., as the insurer of Nelda McCallister and her vehicle which had been driven by William Sublett. The defendant moved to dismiss on the grounds that the Nevada state court was without jurisdiction over the defendants Nelda McCallister and William Sublett when it entered the default judgment.

The federal court in CIV 77–211–M found that the affidavit of compliance filed with the Nevada court did not comply with the requirements of the substituted service of process statute, Nev.Rev.Stat. § 14.070. The court also determined that the plaintiff's additional affidavits showing compliance with the substituted service of process statute could not cure the jurisdictional defects before the court. The court granted summary judgment in favor of the defendant finding that the Nevada court did not have jurisdiction over the alleged tortfeasors. The plaintiff appealed the decision to this court, but on May 31, 1978 he voluntarily dismissed the appeal thus leaving the trial court judgment intact.

On May 11, 1978 the plaintiff returned to the Nevada state court which had entered the default judgment. His Nevada counsel filed an amended affidavit of compliance along with an affidavit by plaintiff's Idaho counsel which apparently set out additional facts showing compliance with the statute. Based on these affidavits the state court determined that the requirements of Nev. Rev.Stat. § 14.070 had been fully met and entered a judgment *nunc pro tunc.* The amended judgment entered was the same judgment entered in 1972.

On December 6, 1979 the plaintiff filed a complaint against the defendant, Foundation Reserve Insurance Company, Inc., in a New Mexico state court sitting in San Miguel County. He sought full faith and credit of the unsatisfied "amended" Nevada judgment (Cause No. 79–500). The defendant petitioned to remove the action to federal court under the federal question removal statute, 28 U.S.C. § 1441(b). The United States District Court of New Mexico granted the petition of removal over plaintiff's objection finding that it had jurisdiction to protect its judgment entered against the plaintiff in 1977. The district court also consolidated the removed action with the first case (CIV 77–211–M) and treated the plaintiff's claim as a Rule 60(b) motion to vacate the initial federal judgment. The court denied the Rule 60(b) motion and dismissed the case.

There are two basic questions on appeal. The first is whether the district court correctly denied the plaintiff's motion to remand the case to state court; and the second is whether the district court properly denied the plaintiff's Rule 60(b) motion to vacate the federal judgment thereby leaving the dismissal of the entire action intact.

The plaintiff argues that the federal court has no federal question jurisdiction and therefore the motion to remand should have been granted. Removal under section 1441(b) is appropriate if according to the complaint the case is directly concerned with the construction of federal law or a determination of federal rights. *State of Oklahoma ex rel. Wilson v. Blankenship,* 447 F.2d 687, 691 (10th Cir.). The court may look beyond the naked allegations of the complaint to determine whether the claim is controlled by federal law. *Prairie*

*Band of Pottawatomie Tribe of Indians v. Puckkee*, 321 F.2d 767, 770 (10th Cir.). Here the plaintiff's complaint is more than an action seeking damages for alleged tortious conduct.

The state court action directly attacks the validity of a federal court judgment of dismissal. Presenting additional facts through affidavits to the Nevada state court could not change the original federal court judgment. The purported judgment *nunc pro tunc* entered by the Nevada court in 1978 could not change the state court judgment ruled invalid by the federal court in the initial full faith and credit action. By bringing a new and independent action on the "amended" judgment in a New Mexico state court the plaintiff was merely attacking the federal court's previous judgment. The federal court can act to protect its judgment. An analysis of the basic cause of action serves no useful purpose because the issue is the protection of the federal court's judgment.

In *Villarreal v. Brown Express, Inc.*, 529 F.2d 1219 (5th Cir.), the court held that removal of a state tort action to recover additional damages was proper when the action attacked the order of dismissal entered by a federal court in a prior lawsuit between the parties. When an independent action is brought in state court to seek relief from a federal judgment it may be removed to federal court on the basis of federal question jurisdiction. 7 Moore's Federal Practice ¶ 60.38[1], at 647 (2d ed.). The district court thus properly removed the case and denied the plaintiff's motion for remand.

The court correctly treated the removed independent action as a Rule 60(b) motion to attack the validity of the initial federal judgment. 7 Moore's Federal Practice ¶ 60.38[3], at 650 (2d ed.). The decision to grant relief under Rule 60(b) is discretionary and will not be disturbed except for a manifest abuse of discretion. *Security Mutual Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062 (10th Cir.); *Brown v. McCormick*, 608 F.2d 410 (10th Cir.). The power to set aside a judgment is an extraordinary power which must be used upon consideration of all surrounding circumstances. 7 Moore's Federal Practice ¶ 60.27[1], at 351, and ¶ 60.27[2], at 352–3 (2d ed.).

Relief under Rule 60(b) was properly denied. The nature of the relief sought, the sequence of events, the length of time between the first federal judgment and the Rule 60(b) motion, and the age of the original Nevada judgment were circumstances which support the district court's denial.

The plaintiff's proof of compliance with the Nevada statute failed in federal court the first time. He cannot by a new state action nor by a Rule 60(b) motion seek to patch up the original judgment nor to present new proof for a second try. The federal court entered a final judgment, the plaintiff appealed, but as mentioned above, he voluntarily dismissed his appeal. The federal district court's judgment determined that the Nevada court lacked jurisdiction. This was based on facts and circumstances presented by the plaintiff. Without more the plaintiff returned to Nevada state court and sought to develop additional facts not theretofore presented but at all times available. The *nunc pro tunc* order of the Nevada court was apparently based on new data and in no way can be considered as a *nunc pro tunc* order. This is apparent from the recitation of facts before us. By attempting to enforce his "amended judgment," which was no such thing, through a separate action he sought a second chance at proof and to attack the federal judgment. The original federal court judgment was directly involved, it was the same cause of action, but the position of the majority is not to permit a removal to protect it but to consider the new state suit as a different matter to be examined as if nothing had happened before. But something did happen—a final judgment on the same cause of action by the United States District Court—which must be protected.

I would thus affirm the judgment of the District Court.