Sandra HARRIS, et al., Plaintiffs,

v.

**NATIONWIDE INSURANCE CO., Defendant.**

**No. 2:99 CV 764 K.**

United States District Court,
D. Utah,
Central Division.

Dec. 17, 1999.

L. Rich Humpherys; Christensen & Jensen, Salt Lake City, UT, for Sandra Harris, on behalf of herself and a class of people similarly situated, plaintiff.

Barbara L Maw, Ms., Jill W. McLaugulin, Tawni Hanseen, Law Offices of Barbara Maw, Salt Lake City, UT, for Nationwide Insurance Company, defendant.

## ORDER of REMAND

KIMBALL, District Judge.

Before the Court is Plaintiffs' Motion to Remand.

### Background

Plaintiffs in this putative class action filed suit in Third District Court for the State of Utah, alleging that Defendant Nationwide, an Ohio corporation, improperly denied their claims for personal injuries received as the result of automobile accidents with uninsured motorists. Defendant denied the claims on the ground that Plaintiffs did not meet the no fault threshold requirements under *Utah Code Ann.* § 31A–22–309(i), specifically the requirement that the claimant's medical expenses exceed $3,000. At least the named Plaintiff, Sandra Harris, is from Utah. According to Plaintiffs' Complaint, few class members are expected to have claims in excess of $20,000, exclusive of interest. Plaintiffs alleged five claims: (1) breach of contract; (2) breach of good faith duties; (3) attorneys fees; (4) constructive fraud; (5) declaratory and injunctive relief. Plaintiffs request relief in the form of: a judgment for the combined amount of benefits withheld "paid into a common fund for distribution to the class;" exemplary damages; prejudgment interest; costs and fees; and declaratory and injunctive relief.

Defendant removed the matter to federal court on the ground that diversity jurisdiction is present.

### Discussion

Defendant removed the case to federal court, arguing: (i) that damages can be aggregated for purposes of determining whether the jurisdictional minimum has been satisfied because Plaintiffs request payment to a common fund and because Plaintiffs have a common interest in determining whether § 31A–22–309(i) applies to their claims, (ii) that punitive damages can be aggregated, (iii) that Plaintiffs' claim for disgorgement warrants aggregation, and (iv) that the jurisdictional minimum is satisfied insofar as Plaintiffs seek injunctive relief because the amount in controversy for purposes of injunctive relief may be established by measuring the defendant's cost of complying with the injunction, citing *Justice v. Atchison, Topeka & Santa Fe R.R. Co.*, 927 F.2d 503 (10th Cir.1991). In support of its assertion that its cost of complying with the injunctive relief sought would exceed $75,000, Defendant submits an affidavit from its managing claims counsel. Tom Lathrop, stating that the number of UM and PIP policies issued in Utah is over 30,000. So, Defendant argues, the cost of providing the benefits Plaintiffs seek would exceed $75,000.

Plaintiffs assert that the fact that payment to a common fund is requested is irrelevant inasmuch as each class member's interest in any future judgment is separate and unique and based on an individual contract for insurance, citing *Gil-*

*man v. BHC Securities, Inc.*, 104 F.3d 1418, 1430 (2d Cir.1997) ("It is irrelevant whether successful vindication of claims would create a single pool of recovery to be allocated among multiple plaintiffs; a common interest in a pool of funds is not the type of interest that permits aggregation of claims under the 'common fund' doctrine. . . .").

Plaintiffs assert further that it is not reasonable to anticipate that any single plaintiff's claim will exceed $75,000 inasmuch as, by definition, a plaintiff cannot be a member of the class if his or her medical expenses exceeded $3,000.

Respecting injunctive relief, Plaintiffs assert that Defendant's argument fails because Defendant has made a factual assertion regarding the cost of compliance without providing any factual support. Plaintiff argues that the number of PIP and UM policies issued is not relevant since very few UM claims are made. Plaintiff also argues that *Justice* has been construed by other courts, including a district court in the Tenth Circuit, to allow courts to determine jurisdictional amounts from the defendant's perspective only in cases where aggregation of the underlying claims is allowed, citing *Amundson & Assoc. Art Studio v. National Council on Compensation Ins. Inc.*, 977 F.Supp. 1116, 1121 (D.Kan.1997).

█ This Court agrees with Plaintiffs that aggregation of their claims is inappropriate given the allegations made by Plaintiffs in their complaint. The fact that each individual's contractual rights depend on the same question of statutory construction does not give rise to the kind of common interest required to exist before aggregation is appropriate. Aggregation of Plaintiffs' punitive damage claims is also inappropriate—such claims are properly aggregated only when the underlying claims are appropriately aggregated. Both parties cite *Amundson*, 977 F.Supp. at 1127 (citing *Gilman v. BHC Securities, Inc.*, 104 F.3d 1418 (2d Cir.1997)), on this issue, but Plaintiffs' interpretation is correct.

█ *Justice* does state that the amount in controversy in injunction cases may be established by examining the defendant's cost of complying with the injunction. However, *Justice* is not controlling for two reasons: First, Defendant has not put forward sufficient evidence to establish what its costs of complying with the injunction would be, while Plaintiffs have cited authority for the proposition that this Court must deny jurisdiction in all cases where jurisdiction does not affirmatively appear in the record and for the proposition that any ambiguities or doubts are to be resolved against removal, e.g., *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir.1982). Second, *Amundson*, thoughtfully and persuasively, refused to apply *Justice* in the way urged by Defendant on the ground that the statement in *Justice* is too terse to have precedential value and on the ground that applying the opinion as urged would conflict with clear legal principles that have developed in this area.

█ Finally, the fact that a plaintiff seeks disgorgement is not by itself determinative of whether aggregation is appropriate. A federal court must look further to determine whether "the disgorgement remedy would inure to the benefit of the class rather than vindicate any alleged violations of individual rights." *Aetna U.S. Healthcare, Inc. v. Aktiengesellschaft*, 48 F.Supp.2d 37, 41 (D.D.C.1999). It is clear from paragraph 68 of Plaintiffs' complaint that Plaintiffs are seeking payment of their individual insurance claims that they allege were illegally withheld.

Without aggregating, this Court is without a basis to find that any single Plaintiff's claim satisfies the jurisdictional threshold.

### Conclusion

Accordingly, **IT IS HEREBY OR-DERED** that the matter is remanded to

the Third Judicial District for Salt Lake County, State of Utah.