FILED
United States Court of Appeals
Tenth Circuit

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

July 8, 2024

Christopher M. Wolpert
Clerk of Court

_____

XIANGYUAN SUE ZHU,

    Plaintiff - Appellant,

v.

KANSAS DEPARTMENT OF HEALTH
AND ENVIRONMENT,

    Defendant - Appellee.

_____

In re: XIANGYUAN SUE ZHU,

    Petitioner - Appellant.

No. 23-3176
(D.C. No. 2:23-CV-02116-JAR-RES)
(D. Kan.)

No. 23-3177
(D.C. No. 2:23-MC-00204-JAR)
(D. Kan.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **MORITZ**, **ROSSMAN**, and **FEDERICO**, Circuit Judges.
_____

Xiangyuan Sue Zhu is subject to filing restrictions in the United States District

Court for the District of Kansas.  She appeals the district court's orders denying

(1) her petition for permission to file a new pro se complaint, and (2) her motion for

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reconsideration of that denial.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     Background

In 2007, the United States District Court for the District of Kansas imposed a filing restrictions order ("FRO") which required Zhu to seek the court's permission to file a new pro se complaint.  The court justified the restrictions based on Zhu's "long history of vexatious, harassing and duplicative lawsuits," which were "manifestly abusive, overreaching and straining on court resources."  FRO at 9, 10, *Zhu v. Fed. Hous. Fin. Bd.*, No. 04-2539-KHV (D. Kan. May 1, 2007), ECF No. 473.

Zhu filed a new pro se complaint in the federal district court in Kansas in March 2023.  After the complaint was dismissed due to Zhu's failure to comply with the FRO, Zhu delivered a document to the district court captioned "Notice of Removal."  With this document, she purported to remove from Kansas state court a case she had filed pro se against the Kansas Department of Health and Environment ("KDHE").  Suppl. R., Vol. 1 at 6.  A few weeks later Zhu submitted a petition for permission to initiate a new pro se civil action, a proposed civil complaint, and other documents.

The district court denied Zhu's petition on May 3, 2023.  It construed her proposed complaint as stemming from her five-year dispute with KDHE regarding Medicaid benefits.  The court noted that Zhu had litigated her dispute with KDHE in state court, culminating in a decision by the Kansas Court of Appeals that remanded one issue the agency failed to address and otherwise affirmed KDHE's denial of

2

relief.  The Kansas Supreme Court subsequently denied Zhu's petition for review as untimely.

The district court concluded that Zhu's so-called Notice of Removal and proposed pro se complaint revealed an ongoing need for filing restrictions.  It construed her complaint as asking it "to review the validity of the [Kansas] Court of Appeals mandate."  R., Vol. 2 at 8.  The district court also noted that the state courts had characterized her filings as "voluminous, incomprehensible and vitriolic."  *Id.* at 7-8.  Observing that Zhu's proposed complaint sought "the exact same relief" that the state courts had denied, *id.* at 5, the district court concluded the *Rooker-Feldman*[1] doctrine barred the complaint.  And to the extent Zhu's state court action remained pending on remand, the court concluded the proposed complaint was subject to dismissal under the *Colorado River*[2] doctrine.  Further, the district court held that Zhu could not remove a state court case in which she was the plaintiff.  And it cited grounds for concluding that Zhu had not alleged a basis for federal question jurisdiction.  The district court therefore denied Zhu permission to proceed on her Notice of Removal or her pro se complaint.

Zhu submitted a Motion to Reconsider and other documents on May 16, 2023.  The district court denied that motion on October 6, 2023, stating:

> The so-called Notice of Removal and the proposed civil pleadings which
> plaintiff has submitted since March 2023—and continues to submit—reveal

---

[1] *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983).

[2] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

3

that the need for [filing] restrictions is ongoing.  The Clerk of Court has received more than 200 pages of additional filings since the Court denied plaintiff leave to proceed.  These filings demonstrate no basis for reconsideration . . . .

*Id.* at 12.  Zhu filed a timely notice appealing the district court's May 3 and October 6 orders.[3]

## II.    Discussion

We review for an abuse of discretion the district court's application of previously imposed filing restrictions.  *Cf. United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993) (stating that district court decisions involving "control of the docket and parties . . . are reviewed only for abuse of discretion" (internal quotation marks omitted)); *cf. Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) (noting district court's imposition of filing restrictions is reviewed for abuse of discretion). We also review for an abuse of discretion a district court's denial of a motion to reconsider under Rule 59(e).  *See Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir. 2013).  Because Zhu proceeds pro se, we liberally construe her filings but we do not act as her advocate.  *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

---

[3] Zhu's timely Motion to Reconsider under Federal Rule of Civil Procedure 59(e) tolled the beginning of her time to file her notice of appeal as to the district court's May 3, 2023, order until the district court disposed of that motion on October 6, 2023.  *See* Fed. R. App. P. 4(a)(4)(A)(iv).  Her notice of appeal naming the October 6 order was sufficient to encompass the May 3 order as well.  *See* Fed. R. App. P. 3(c)(5)(B).

## A.    Validity of the FRO

Zhu contends the FRO is invalid to the extent it restricts her from filing future pro se actions against new defendants.  She argues that the district court lacked jurisdiction to enter this aspect of the FRO in 2007 because there was no case or controversy between Zhu and future defendants at that time.  She maintains that the court therefore also lacked jurisdiction to enforce the allegedly partially void FRO in 2023 to preclude her from filing a new pro se complaint against a new defendant.[4]

Zhu's argument misunderstands the basis for the district court's authority to impose filing restrictions.  Federal courts have "the inherent power . . . to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."  *Tripati*, 878 F.2d at 352 (internal quotation marks omitted).  This inherent power derives from 28 U.S.C. § 1651(a), which permits a court to enter orders "necessary or appropriate in aid of" its jurisdiction.  *See Tripati*, 878 F.2d at 352; *Werner v. State of Utah*, 32 F.3d 1446, 1447-48 (10th Cir. 1994).  And it extends to "sanctions that are necessary to regulate the docket, promote judicial efficiency, and . . . deter frivolous filings."  *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986); *see also Tripati*, 878 F.2d at 352 (noting district court has power under § 1651(a) to enjoin abusive and vexatious litigants).  This court has imposed restrictions similar to those in the FRO on future appeals by pro se litigants

---

[4] Zhu did not raise this contention in the district court, but we address it because she is challenging the district court's jurisdiction to enter the relevant orders. *See Zapata-Chacon v. Garland*, 51 F.4th 1191, 1199 (10th Cir. 2022) ("[A] party may invoke a jurisdictional argument at any time in the litigation.").

who have abused the appellate process. *See, e.g.*, *Werner*, 32 F.3d at 1448-49 (requiring party to obtain court's permission to proceed in the future as a pro se appellant or petitioner). Zhu has not shown that the district court exceeded its authority under § 1651(a) in entering the FRO to enjoin her from pursuing abusive pro se litigation against future defendants.

### B.    Authority to Enforce the FRO

Zhu also contends that the same district court judge could not both enter the FRO in 2007 and apply the FRO to her new proposed pro se complaint in 2023. The cases she relies on are inapposite.[5] District court judges routinely enter, construe, and apply their own orders in civil cases, and Zhu points to no authority suggesting this process necessarily runs afoul of due process protections.[6] And despite Zhu's assertion, the district court judge did not prosecute and convict her in this matter.

---

[5] *See In re Murchison*, 349 U.S. 133, 134-35, 139 (1955) (holding it was a violation of due process for the same state court judge to act as a "one-man grand jury" in secret hearings, to charge witnesses with perjury and contempt, and to try those witnesses for contempt (internal quotation marks omitted)); *Wong Yang Sung v. McGrath*, 339 U.S. 33, 41, 45-46 (1950) (condemning "the practice [in deportation proceedings] of embodying in one person or agency the duties of prosecutor and judge"), *judgment modified*, 339 U.S. 908 (1950), *superseded by statute on other grounds as stated in Ardestani v. INS*, 502 U.S. 129, 133-34 (1991); *Goldberg v. Kelly*, 397 U.S. 254, 271 (1970) (agreeing with the district court "that prior involvement in some aspects of a case will not necessarily bar a welfare official from acting as a decision maker" but concluding the official should not "have participated in making the determination under review").

[6] By way of example, district court judges may be called upon to construe and apply their previous orders under Federal Rules of Civil Procedure 41(b) (addressing dismissal for failure "to comply with . . . a court order") and 37(b)(2) (addressing sanctions for failure to comply with court orders related to discovery).

### C.    Continuing Need for Filing Restrictions

As to the continuing need for filing restrictions, Zhu argues that the record fails to show that the state courts considered her filings to be voluminous, incomprehensible, and vitriolic.  But the record clearly supports the district court's finding.  *See* Suppl. R., Vol. 1 at 55, 56, 59 (Kansas Court of Appeals decision); *id.* at 37, 39 (Zhu's proposed complaint).

### D.    Deficits in Proposed Complaint

Zhu argues the district court erred in holding that her proposed complaint failed to allege a basis for federal question jurisdiction.  But the district court's key rulings in its May 3 order are:  (1) to the extent Zhu's state court proceedings are final, her complaint is barred by the *Rooker-Feldman* doctrine, (2) to the extent Zhu's state court proceedings remain pending, the *Colorado River* doctrine requires the district court to abstain, and (3) Zhu can't remove a state court case in which she is the plaintiff.  Zhu raises no meritorious challenges to any of these rulings.  And even if she had pleaded a basis for federal question jurisdiction, these holdings would support the district court's denial of her petition to file a new pro se complaint.

The *Rooker-Feldman* doctrine precludes federal courts—other than the Supreme Court—from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *Rooker-Feldman* applies if a litigant's claims "specifically seek to

7

modify or set aside a state court judgment." *Graff v. Aberdeen Enters., II, Inc.*, 65 F.4th 500, 515 (10th Cir. 2023). We note that Zhu does not disagree that her complaint sought the same relief she was denied in state court. Nor does she quarrel with the district court's conclusion that she ultimately sought a federal court ruling that the state court wrongfully entered judgment against her.

Nevertheless, Zhu argues that *Rooker-Feldman* does not apply to parallel state and federal litigation. *See Exxon Mobil*, 544 U.S. at 284 (holding the doctrine applies to "complain[ts] of injuries caused by state-court judgments rendered before the district court proceedings commenced"). But the district court held, alternatively, that in the event that Zhu's state court action remained pending, her complaint would be dismissed under the *Colorado River* doctrine. Under that doctrine, a court must consider the following factors: "(1) whether the state or federal court first assumed jurisdiction over the same res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums." *D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1234 (10th Cir. 2013) (internal quotation marks omitted). The "paramount consideration" is "the danger of piecemeal litigation." *Id.* (internal quotation marks omitted). Zhu does not contend that the district court misapplied these factors in holding that even if her state court action remained pending it was subject to dismissal.

Zhu also argues that *Rooker-Feldman* and *Colorado River* do not apply to state agency decisions, but the case she relies on is distinguishable. *Verizon Md., Inc. v.*

8

*Pub. Serv. Comm'n of Md.*, 535 U.S. 635 (2002), held that the *Rooker-Feldman* "doctrine has no application to judicial review of executive action, including determinations made by a state administrative agency." *Id.* at 644 n.3.[7] In *Verizon*, however, the plaintiff directly challenged a state agency decision in the district court. *See id.* at 640 ("Verizon sought declaratory and injunctive relief from the Commission's order."). Here, in contrast, Zhu appealed the state agency's decision in state court and then sought review of the state court judgment. And as *Verizon* recognized, *Rooker-Feldman* does apply when a plaintiff asks a federal district court "to exercise appellate jurisdiction over state-court judgments." *Id.* at 644 n.3.

Finally, Zhu contends she could remove her state court action to federal court pursuant to the civil rights removal statute, 28 U.S.C. § 1443(1). But that provision expressly allows removal "by the defendant." *Id.* "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted). Zhu cites no authority construing any removal statute to allow a plaintiff to remove a state court case.

Zhu nonetheless insists that, because federal courts had jurisdiction to hear the plaintiffs' claims in *Goldberg*, the district court would also have jurisdiction over the claims in her proposed complaint. She argues this is so because, similar to the plaintiffs in *Goldberg*, *see* 397 U.S. at 255, she alleged that KDHE terminated her

---

[7] *Verizon* did not address the *Colorado River* doctrine.

Medicaid payments without prior notice and a hearing, in violation of her right to due process. But there is no indication in *Goldberg* that the plaintiffs had brought the same claim unsuccessfully in state court, asked a federal district court to rule that a state court wrongfully entered judgment against them, pursued parallel claims in state and federal courts, or attempted to remove a state court case in which they were the plaintiffs. *Goldberg* is therefore irrelevant to the district court's key rulings in this matter.[8]

Zhu fails to demonstrate that the district court abused its discretion in entering its May 3, 2023, order denying her petition for permission to initiate a new pro se civil action or its October 6, 2023, order denying her Motion to Reconsider.

---

[8] Zhu also appears to contend that the district court made factual errors in reaching conclusions about her eligibility for Medicaid and Medicare benefits. But the district court did not reach the merits of her underlying claims, nor do we.

## III.    Conclusion

We affirm the district court's orders.  We deny Zhu's first motion, amended first motion, and second motion to supplement the record on appeal.[9]  We also deny Zhu's motion for appointment of counsel.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[9] Zhu's submissions that the district court referenced in its orders on appeal were not originally included in the record on appeal.  We requested and received these documents from the district court.  Thus, the record on appeal now includes Zhu's so-called Notice of Removal, petition for permission to initiate a new pro se civil action, proposed civil complaint, affidavit of case status, and "more than 200 pages of additional filings" Zhu made after the district court denied her leave to proceed, R., Vol. 2 at 12.